UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
CHRISTINE DEFRANCESCO,                     : Docket No. 18-CV-4032 (VSB)
                                           :
         Plaintiff,                        : DECLARATION OF MARK J.
                                           : GOLDBERG IN SUPPORT OF
     -against-                             : DEFENDANT'S MOTION TO DISMISS
                                           : THE COMPLAINT, COMPEL
MIRADOR REAL ESTATE, LLC,                  : ARBITRATION AND FOR SANCTIONS
                                           :
         Defendant.                        :
                                           :
----------------------------------------------------------X

    I, MARK J. GOLDBERG, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury, as follows:

    1.    I am a Partner of Loeb & Loeb LLP, attorneys for Defendant Mirador Real Estate, LLC ("Mirador"). I respectfully submit this declaration in support of Mirador's motion (1) to dismiss the Complaint herein (the "Complaint") of Plaintiff Christine DeFrancesco ("Plaintiff" or "Ms. DeFrancesco") and to compel arbitration of Plaintiff's claims and (2) for sanctions against Plaintiff and her counsel for frivolously and in bad faith maintaining this action and refusing to arbitrate Plaintiff's claims. Annexed hereto as <u>Exhibit A</u> is a copy of the Complaint.

    2.    Mirador is a real estate brokerage firm, largely servicing buildings located in New York City.

    3.    Ms. DeFrancesco, a former employee of Mirador, brings this action largely for alleged wage and hour violations of the Fair Labor Standards Act and the New York Labor Law.

    4.    As set forth in the accompanying Declaration of Leslie Zemnick (the "Zemnick Decl."), when Ms. DeFrancesco commenced her employment with Mirador, she and Mirador executed Mirador's Alternative Dispute Resolution Program (the "ADR Program"), a copy of

which is annexed as Exhibit D to the Zemnick Decl.  The terms of the ADR Program provide that the exclusive forum for resolution of Plaintiff's claims herein is arbitration before JAMS.  *See* Zemnick Decl. Ex. D.

5. Shortly after Mirador was served with Ms. DeFrancesco's Complaint, on June 13, 2018, I contacted Ms. DeFrancesco's counsel, Michael Minkoff, Esq., and advised him of the ADR Program and demanded that Ms. DeFrancesco arbitrate her claims and dismiss or stay this action.

6. On June 28, 2018, I emailed a copy of the fully-executed ADR Program to Mr. Minkoff.  A copy of such email, together with the ADR Program attached thereto, are collectively annexed to this declaration as Exhibit B.

7. After further discussions with Mr. Minkoff, on August 13, 2018, I made available for inspection at my firm's offices the original fully-executed ADR Program, at which time both Ms. DeFrancesco and Mr. Minkoff inspected the document.

8. From June 13, 2018 until shortly after August 13, 2018, Mr. Minkoff and I had a number communications about Mirador's demand that Ms. DeFrancesco arbitrate her claims and dismiss or stay this action.  In such communications, Mr. Minkoff repeatedly advised me that Ms. DeFrancesco would not agree to arbitrate her claims.  The only reason given by Mr. Minkoff for Ms. DeFrancesco's refusal to arbitrate was that she does not recall signing the ADR Program, despite advising in an email to me that Ms. DeFrancesco admits that "the signature on the last page does indeed appear to be hers."

9. Because Ms. DeFrancesco's allegation that she does not recall signing the ADR Program does not, as a matter of law, excuse her obligation to arbitrate her claims (*see* Mirador's accompanying memorandum of law), on October 8, 2018, I emailed Mr. Minkoff a letter pursuant to Fed. R. Civ. P. 11 (the "Rule 11 Letter"), advising that Mirador would seek sanctions thereunder

against Ms. DeFrancesco, Mr. Minkoff and his firm if Ms. DeFrancesco did not arbitrate her claims and agree to dismiss or stay this action. A copy of my Rule 11 Letter to Mr. Minkoff is annexed hereto as Exhibit C. Based on the grounds set forth in the Rule 11 Letter and in this declaration, Mirador intends to seek sanctions under Fed. R. Civ. P. 11 in a separate motion after the "safe harbor" provided by such rule expires on October 29, 2018.

10. After not receiving any response to the Rule 11 Letter, on October 17, 2018, I called and spoke to Mr. Minkoff for the purpose of giving Ms. DeFrancesco an opportunity to change her mind about arbitration before I began drafting the instant motion, for which Mirador would seek attorneys' fees from Ms. DeFrancesco and her attorneys. Mr. Minkoff advised, without giving a reason, that Ms. DeFrancesco still refused to arbitrate her claims.

11. In the afternoon on October 22, 2018, Mr. Minkoff called me and advised that his firm was going to petition this Court to permit it to withdraw as Ms. DeFrancesco's counsel of record herein. Incredibly, in his supporting Declaration, Mr. Minkoff acknowledged that Ms. DeFrancesco's maintenance of this action and refusal to arbitrate her claims is essentially frivolous and in bad faith, stating that Ms. DeFrancesco has directed his firm "to take a procedural strategy" that is "possibly against its ethical responsibilities," despite counseling her otherwise. (*See* Declaration of Michael R. Minkoff, Esq. in Support of Motion of Borrelli & Associates, P.L.L.C. to Withdraw as Counsel of Record for Plaintiff, filed herein and dated October 22, 2018 at ¶ 16.)

12. While Plaintiff's counsel now seeks to withdraw as Plaintiff's attorneys, such does not change the fact that, for the last five months while Mr. Minkoff and I were discussing Mirador's demand that Plaintiff arbitrate her claims, Plaintiff's counsel continued to refuse such demand and has only sought to withdraw two days before the deadline for this motion, *after* Mirador has incurred the vast majority of the attorneys' fees and costs necessitated by this motion and

Plaintiff's and her counsel's frivolous position.  Indeed, when I called Mr. Minkoff on October 17, 2018 to give Plaintiff and her counsel an opportunity to change her mind about arbitrating her claims before I began drafting the instant motion, as stated in paragraph 10 above, Mr. Minkoff reiterated Ms. DeFrancesco's refusal to arbitrate, necessitating Mirador to incur the expense of making this motion.

13. Based on the above and the reasons set forth in Mirador's accompanying memorandum of law and other supporting papers, the Court should dismiss the Complaint, order Plaintiff to submit this dispute to arbitration, and award to Mirador costs and attorneys' fees due to Plaintiff's and her counsel's bad faith refusal to arbitrate Plaintiff's Claims, along with such other and further relief as this court deems just and proper.

Dated: New York, New York
October 24, 2018

/s/ *Mark J. Goldberg*
MARK J. GOLDBERG