# EXHIBIT C

**From:** Mark Goldberg
**Sent:** Monday, October 8, 2018 4:55 PM
**To:** 'Michael R. Minkoff'
**Subject:** Christine DeFrancesco v. Mirador Real Estate, LLC
**Attachments:** 2018-10-08 Rule 11 letter to Michael Minkoff.pdf; DeFrancesco Notice of Motion for Rule 11 Sanctions.pdf

Michael, please see the attached. If you also wish service by mailed hard copies, please advise and I will send. I consent to email service.

Mark

**Mark Goldberg**
*Partner*

345 Park Avenue | New York, NY 10154
**Direct Dial:** 212.407.4925 | **Fax:** 212.656.1198 | **E-mail:** mgoldberg@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC** | **San Francisco** | **Beijing** | **Hong Kong** | **www.loeb.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.



MARK J. GOLDBERG
Partner

345 Park Avenue
New York, NY 10154

**Direct** 212.407.4925
**Main** 212.407.4000
**Fax** 212.656.1198
mgoldberg@loeb.com

Via E-mail (mrm@employmentlawyernewyork.com)

October 8, 2018

Michael R. Minkoff
Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021

Re: Christine DeFrancesco v. Mirador Real Estate, LLC
SDNY Case No. 18-cv-4032

Dear Michael:

As you know, we represent Mirador Real Estate, LLC ("Mirador") in the above-referenced action (the "Action"). This letter serves as notice that Mirador intends to file a motion (the "Motion") for the imposition of sanctions pursuant to Fed. R. Civ. P. 11 ("Rule 11") against Plaintiff Christine DeFrancesco ("DeFrancesco" or "Plaintiff"), you and your firm unless, within 21 days of this letter, DeFrancesco withdraws her complaint herein (the "Complaint") and voluntarily dismisses this action or, alternatively, agrees to stay the Action pending arbitration of her claims in the Complaint (collectively, the "Claims").

If DeFranceso fails to voluntarily dismiss or stay the Action, sanctions under Rule 11(c) will be appropriate due to her violations of both Rule 11(b)(1) and (2).

**The Complaint Violates Rule 11(b)(2).**

Rule 11(b)(2) requires that a party's "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Sanctions are appropriate under Rule 11(b)(2) because the Claims in DeFrancesco's complaint are frivolous. *Star Mark Mgmt., Inc. v. Kook Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (presenting frivolous claims in a pleading is a ground for sanctions under Rule 11(b)(2)). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Id*. (internal quotation marks and brackets omitted).

Here, the Claims are frivolous because they are clearly barred by the Mirador Real Estate, LLC Alternative Dispute Resolution Program signed by both DeFrancesco and Mirador on April 24, 2017 (the "ADR Program"). I emailed you a fully-executed copy of the ADR Program on June 28, 2018 and made the original available for inspection to you and Ms. DeFrancesco on August 31, 2018.

The ADR Program clearly covers the Claims, insofar is it covers "any claim, cause of action or dispute (collectively, a "claim") involving you and one or more of the Company Entities (defined

Los Angeles New York Chicago Nashville Washington, DC San Francisco Beijing Hong Kong www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

16907099.1
230751-10001

below [to include Mirador]) that otherwise could be asserted in court or before an administrative agency, including without limitation arising out of or related to your employment by the Company, or the termination of that employment, such as the following claims: claims for breach of any contract or covenant (express or implied); wage and hour claims; . . . claims for unlawful . . . retaliation . . .; claims for wages and other compensation or benefits; claims for attorneys' fees; claims for violation of any Company policy or practice; and/or claims for violation of any federal, state, local, or other governmental law, statute, rule, regulation, or ordinance." (*See* clause (1) on p.2.)

"STEP TWO" of the ADR Program provides that a claim covered by the program may be resolved by arbitration, and the following language from page 8 of the ADR Program clearly and unambiguously provides that covered claims – including DeFrancesco's Claims – may not be brought in a court, as DeFrancesco has done in the Action: "This Program precludes litigation and re-litigation in any federal, state, or local court by either the Company or its employees of any claim that has been, is being, will be, or could or should have been arbitrated under this Program."

Arbitration agreements, such as the ADR Program, are enforceable under Section 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 2, which in relevant part provides:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Thus, pursuant to the FAA, the ADR Program bars DeFrancisco's Claims, making them frivolous and sanctions warranted.

The only excuse given by DeFrancesco for not adhering to her agreement to arbitrate the Claims and for refusing to voluntarily dismiss or stay the Action is that she does not recall signing the ADR Program, at least in the form that I have presented it to you and her. This "excuse" fails as both a matter of law and fact.

The facts demonstrate that DeFrancesco signed the ADR Program in the form that I have presented to you (the "Presented Form"). Notably, DeFrancesco concedes that the signature of her name on the ADR Program looks like her signature. DeFrancesco has offered absolutely no evidence, or made any specific allegations to support, that her signature has been forged or that she signed the signature page, but that it was attached to a different document. Indeed, any such allegations by DeFrancesco would be implausible, and fail to raise any question of fact as to the ADR Program's authenticity, in light of the following contemporaneous documents that I have provided to you evidencing that DeFrancesco was given and signed the ADR Program in the Presented Form:

- An April 24, 2017 email from Leslie Zemnick (DeFrancsco's then to be supervisor) to DeFrancesco containing blank documents – including the ADR Program in the Presented Form – for her to sign in connection with the commencement of her employment. DeFrancesco does not dispute that she signed the other documents attached to this email.



- An April 24, 2017 email reflecting Ms. Zemnick scanning and sending to herself the ADR Program in the Presented Form signed by DeFrancesco.

- An April 24, 2017 email from Ms. Zemnick to the human resources manager for Mirador (Jose Berrios) of DeFrancesco's signed on-boarding documents, including the ADR Program in the Presented Form signed by DeFrancesco.

Additionally, any suggestion that the signature page when signed was not attached to the ADR Program in the form shared with you is further belied by the fact that its page number is consistent with the Presented Form and the identifying information in the footer of the signature page (including the document number) are precisely the same as on all of the other pages of the Presented Form.

DeFrancesco's purported reason for refusing to abide by the ADR Program – *i.e.*, that she does not recall signing it – also fails as a matter of law. The existence of arbitration agreements, such as the ADR Program, are evaluated under "the contract law of the state in which [the court addressing the issue] sits." *Savarese v. J.P. Morgan Chase*, 2016 U.S. Dist. LEXIS 159765, *9 (S.D.N.Y. November 16, 2016). Under New York law, "a mere lack of recollection of signing an agreement however, is insufficient on its own to defeat a finding that the contract existed." *Id.* at *13 (*citing Vardanyan v. Close-Up Int'l, Inc.*, 315 F. App'x 315, 318 (2d Cir. 2009) (finding an agreement valid even where a signatory claimed he did not recall signing it, but provided no evidence that it was fabricated) and *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 528 (S.D.N.Y. 2015) ("A mere assertion that one does not recall signing a document does not, by itself, create an issue of fact as to whether a signature on a document is valid – especially in the absence of any evidence the document was fabricated.")).

Thus, because there is no factual or legal basis that supports DeFrancesco's ability to bring her Claims in federal court, her Claims are frivolous and sanctions are warranted under Rule 11(b)(2).

**<u>The Complaint Violates Rule 11(b)(1)</u>.**

DeFrancesco's refusal to withdraw her Complaint or to stay the Action also violates Rule 11(b)(1), which provides that a party's pleading must "not [be] presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." As shown above, DeFrancesco's basis for not abiding by her obligation to arbitrate under the ADR Program is both factually and legally frivolous. For DeFrancesco to persist with such legally frivolous arguments against arbitration is necessarily to act with "an improper purpose," warranting sanctions under Rule 11(b)(1). *See Lipin v. Nat'l Union Fire Ins. Co.*, 202 F. Supp. 2d 126, 141 (S.D.N.Y. 2002) (sanctions were warranted under Rule 11(b)(2) where plaintiff persisted with meritless claims "despite the opportunity provided by the safe harbor provision of Rule 11 to re-evaluate her submissions"); *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990) ("[C]ontinuing to press an obviously meritless lawsuit does tend to indicate bad faith and further supports the imposition of a rule 11 sanction."), *superseded by statute on other grounds as stated in Hoatson v. N.Y. Archdiocese*, No. 05 Civ. 10467 (PAC), 2007 U.S. Dist. LEXIS 9406, at *30 n.13 (S.D.N.Y. Feb. 8, 2007); *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 220 (E.D.N.Y. 2011) ("Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that the claim was groundless.") (alteration and internal quotation marks omitted).



*   *   *

A copy of the Notice of Motion we intend to file is enclosed herewith. Please be advised that service of this letter and the Notice of Motion triggers the running of the 21-day safe harbor afforded by Rule 11(c)(2). *See, e.g., Star Mark*, 682 F.3d at 176. Accordingly, if DeFrancesco does not voluntarily dismiss or stay the Action within 21 days from the date hereof, Mirador intends to file, at the appropriate time, the Motion against DeFrancesco, you and your firm.

If you wish to discuss this matter further, please feel free to contact me. Please note that Mirador expressly reserve all rights, claims, privileges and remedies, and does not waive any such rights, claims, privileges, and/or remedies by service of this letter.

Sincerely,

Mark J. Goldberg
Partner

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE DEFRANCESCO,

Plaintiff,

-against-

MIRADOR REAL ESTATE, LLC,

Defendant.

Docket No. 18-CV-4032 (VSB)

**NOTICE OF MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**

PLEASE TAKE NOTICE that Defendant Mirador Real Estate, LLC ("Mirador"), by its undersigned attorneys, will move this Court at the United States Courthouse located at 40 Foley Square, New York, New York 10007, before the Honorable Vernon S. Broderick, for an Order pursuant to Federal Rule of Civil Procedure 11(c) imposing sanctions against Plaintiff Christine DeFrancesco and Plaintiff's counsel of record, Borrelli & Associates, P.L.L.C. and Michael Minkoff, jointly and severally, and granting such other and further relief as the Court deems just and proper.

This Motion is based upon the filing, signing and advocacy of the Complaint herein, and the refusal by Plaintiff and her counsel to withdraw the Complaint or, alternatively, to agree to a stay of this action pending arbitration of Plaintiff's claims set forth in the Complaint, despite being put on notice that such claims are barred from being litigated before this Court pursuant to the binding pre-dispute arbitration agreement signed by both Plaintiff and Mirador upon the commencement of Plaintiff's employment with Mirador. Thus, the Complaint contains frivolous claims and the maintenance of such claims is necessarily to act with an improper purpose, all in

violation of Fed. R. Civ. P. 11(b)(1) and (2) and warranting the imposition of sanctions pursuant to Fed. R. Civ. P. 11(c).

This Notice of Motion was served on Plaintiff's counsel on October 8, 2018.  Plaintiff and his counsel refused, within the 21-day safe harbor afforded by Fed. R. Civ. P. 11(c)(2), to withdraw the Complaint or, alternatively, to agree to stay this action pending arbitration of Plaintiff's claims.

Dated: October 8, 2018
       New York, New York

                                            LOEB & LOEB LLP

                                            By:    /s/ Mark J. Goldberg
                                                  Mark J. Goldberg
                                            345 Park Avenue
                                            New York, New York 10154
                                            (212) 407-4000

                                            *Attorneys for Defendant*