UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE DEFRANCESCO,<br><br>                      Plaintiff,<br><br>-against-<br><br>MIRADOR REAL ESTATE, LLC,<br><br>                      Defendant. | **Docket No.:**<br>**1:18-cv-4032 (VSB)** |

**NOTICE OF MOTION OF BORRELLI & ASSOCIATES, P.L.L.C. TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF**

PLEASE TAKE NOTICE that, upon the Declaration of Michael R. Minkoff, Esq., in Support of the Motion of Borrelli & Associates, P.L.L.C., to Withdraw as Counsel of Record for Plaintiff dated October 22, 2018, and all the pleadings and proceedings heretofore had herein, Borrelli & Associates, P.L.L.C., currently counsel of record for Plaintiff Christine DeFrancesco in the above-referenced matter, will move this Court, at the United States Courthouse located at 40 Foley Square, New York, New York 10007, on a date and time to be designated by the Court, for an Order Pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule (hereinafter "Local Rule") 1.4 granting Borrelli & Associates, P.L.L.C.'s Motion to Withdraw as Counsel of Record for Plaintiff.

Please take further notice that, pursuant to Local Rule 6.1(b), opposition papers, if any, from either Plaintiff or Defendant, are due by November 5, 2018, and reply papers, if any, are due by November 12, 2018.

Dated: New York, New York
October 22, 2018

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. No. (516) 248-5550
Fax: (516) 248-6027

By: _____
MICHAEL R. MINKOFF (MM 4787)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)

---

By Friday, November 2, 2018, Plaintiff's counsel Borrelli & Associates, P.L.L.C. is directed to submit ex parte a letter detailing counsel's dispute with Plaintiff.  That letter shall further address whether Plaintiff objects to counsel's withdrawal and whether Plaintiff has plans to retain new counsel.  Counsel shall submit that letter via email to BroderickNYSDChambers@nysd.uscourts.gov.  Defendant shall submit its opposition, if any, to Plaintiff's counsel's motion to withdraw on or before Monday, November 5, 2018.  All parties are directed to appear for a telephone conference at 11:30 AM on Friday, November 9, 2018, to address Plaintiff's counsel's motion to withdraw.  A briefing schedule for Defendant's motion to dismiss, (Doc. 18), will also be discussed at that time.
Plaintiff's counsel shall provide a dial-in phone number for all parties and the Court to use for the conference; that phone number should be sent to the Chambers email address referenced above.  Plaintiff's counsel shall further provide Plaintiff with a copy of this Order and shall inform Plaintiff that she is required to participate in the November 9, 2018 telephone conference.

SO ORDERED:

_____
HON. VERNON S. BRODERICK  10/26/2018
UNITED STATES DISTRICT JUDGE

2

## **CERTIFICATE OF SERVICE**

I, Michael R. Minkoff, Esq., hereby certify that on this date October 22, 2018, I caused a true and correct copy of the foregoing Notice of Motion of Borrelli & Associates, P.L.L.C. to Withdraw as Counsel of Record for Plaintiff, and the Declaration of Michael R. Minkoff, Esq., in Support of the Motion of Borrelli & Associates, P.L.L.C. to Withdraw as Counsel of Record for Plaintiff, both dated October 22, 2018, to be served via electronic mail and first-class mail on the following:

>Mark J. Goldberg, Esq.
>LOEB & LOEB LLP
>345 Park Avenue
>New York, New York 10154
>mgoldberg@loeb.com
>*Attorneys for Defendant*
>
>Christine DeFrancesco, Plaintiff
>899 Boulevard East, Apartment 8D
>Weehawken, New Jersey 07086
>cdefrancesco@yahoo.com

_____
MICHAEL R. MINKOFF ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE DEFRANCESCO,<br><br>                  Plaintiff,<br><br>-against-<br><br>MIRADOR REAL ESTATE, LLC,<br><br>                  Defendant. | **Docket No.:**<br>**1:18-cv-4032 (VSB)** |

**DECLARATION OF MICHAEL R. MINKOFF, ESQ.  IN SUPPORT OF MOTION OF BORRELLI & ASSOCIATES, P.L.L.C. TO WITHDRAW**
<u>**AS COUNSEL OF RECORD FOR PLAINTIFF**</u>

    I, Michael R. Minkoff, Esq., an attorney duly admitted to practice in this Court, pursuant to 28 U.S.C. 1746, declare under the penalty of perjury the following:

    1.    I am an associate with Borrelli & Associates, P.L.L.C. ("Firm"), and am an attorney admitted to the Bar of this Court.  In this wage and hour matter, the Firm currently represents Plaintiff Christine DeFrancesco.  As Plaintiff's counsel, I am familiar with the facts and circumstances discussed herein based upon personal knowledge and the files maintained by this office.

    2.    I submit this affirmation in support of the Firm's motion, pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule 1.4 (hereinafter, "Local Rules"), for leave to withdraw as Plaintiff's attorney of record.

1

**Procedural History**

3. On May 4, 2018, the Firm, on Plaintiff's behalf, filed an action in this Court alleging violations of the Fair Labor Standards Act and the New York Labor Law against Defendant. ECF # 1.

4. On June 13, 2018, the Court so-ordered a stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including July 13, 2018. ECF # 8.

5. On July 9, 2018, the Court so-ordered a second stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including August 8, 2018. ECF # 9.

6. On August 14, 2018, the Court so-ordered a third stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including September 7, 2018. ECF # 10.

7. On September 6, 2018, the Court so-ordered a fourth stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including September 28, 2018. ECF # 13.

8. On October 1, 2018, the Court so-ordered a fifth stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including August 24, 2018. ECF # 15.

9. Throughout the period of time detailed above, undersigned counsel and Defendant's counsel engaged in substantive discussions, including the exchange of letters, documents, and other evidence, regarding both the merits of Plaintiff's claims and procedural

matters that are to be addressed prior to resolving the merits of the claims and defenses, including by conducting an in-person meeting at which Plaintiff herself attended.

10. Also throughout this time period, the Firm remained in regular communication with Plaintiff, providing advice that the Firm believed to be in Plaintiff's best interest and in the best interest of prosecuting Plaintiff's claims.

11. Notwithstanding the same, over the course of the last several weeks, a rift began developing between Plaintiff and our Firm, specifically with respect to procedural matters relating to how best to advance Plaintiff's interest before this Court. More recently, over the last two weeks and continuing through to Sunday, October 21, 2018, that rift grew to an unbridgeable gap with respect to Plaintiff's and our Firm's views of what should and should not be done regarding the strategy to be employed in prosecuting this matter.[1]

12. As a result, the attorney-client relationship between the Firm and Plaintiff has broken down to a level that is beyond repair, requiring our Firm to request leave to withdraw as counsel.

## **Withdrawal of Representation**

13. Local Rule 1.4 provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

---

[1] To the extent that this Court requires a more detailed explanation of the fundamental disagreement between Plaintiff and the Firm that has led to the current irreparable breakdown of the attorney-client relationship, we respectfully request permission to provide further details via a confidential submission to be reviewed *ex parte* by the Court.

3

14. The New York Rules of Professional Conduct ("RPC") allow a lawyer to "withdraw from representing a client when . . . the client insists upon taking action with which the lawyer has a fundamental disagreement." NY ST RPC Rule 1.16(c)(4); *see Figueroa v. City of New York*, 2010 WL 4236944, at *1 (S.D.N.Y. Oct. 22, 2010) (citing *id.*) (granting withdrawal based on lawyer and client's fundamental disagreement over whether client authorized certain action in settlement discussions).

15. It is well settled that the failure of a client to cooperate with counsel in the prosecution or defense of an action and the existence of an irreconcilable conflict between attorney and client are satisfactory reasons permitting an attorney to be released from the obligation of continuing to represent the attorney's client. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445-46 (S.D.N.Y. 2014) (citing *Benvenisti v. City of New York*, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006)) (describing as valid cause for granting withdrawal breakdown in attorney-client relationship where attorney and client "agreed on virtually nothing with respect to the past, present, and future course of the litigation"); *Naguib v. Pub. Health Solutions*, 2014 WL 2002824, at *1-2 (E.D.N.Y. May 15, 2014) (finding acting against counsel's advice as grounds to grant withdrawal); *Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *3 (S.D.N.Y. Jan. 29, 2013) (ruling "irreconcilable difference" constitutes satisfactory reason for withdrawal of counsel).

16. Here, after months of meetings, phone calls, emails, and letters between the Firm and Plaintiff regarding what the Firm deems to be the best course of action for litigation strategy, including over threshold procedural matters that need to be resolved before this case reaches a merits stage, Plaintiff has refused to accept the Firm's advice and is instead directing the Firm to take a procedural strategy that the Firm views to be against Plaintiff's best interests and possibly

against its ethical responsibilities.  Clearly, with the Firm and Plaintiff unable to agree on neither the overall strategy nor the specific means to prosecute this action even before Defendant has filed an answer or otherwise responded to Plaintiff's Complaint, this Firm has satisfactory grounds to withdraw as her attorney.

17.     Presently, Defendant's answer or other response to Plaintiff's complaint is due by October 24, 2018.  There is no discovery order in place to date, and the parties are not yet scheduled to appear before the Court for an initial pretrial conference.  The Court has not set any other dates or deadlines, meaning that the "prosecution of the suit is [not likely to be] disrupted by the withdrawal of counsel." *See Farmer*, 60 F. Supp. 3d at 446.

18.     The Firm is not asserting a charging or retaining lien against DeFrancesco.

19.     For the foregoing reasons, the Firm respectfully requests that the Court grant its Motion to Withdraw as Counsel of Record for Plaintiff in this matter and/or requests leave to submit additional information to the Court on an *ex parte* basis should the Court deem that to be necessary, as any such submission will contain privileged and/or Plaintiff's confidential information.

Dated: New York, New York
       October 22, 2018

By: _____
    MICHAEL R. MINKOFF (MM 4787)