# Exhibit 2

# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

### RETAINER AGREEMENT

CHRISTINE DEFRANCESCO, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Client") and Borrelli & Associates, P.L.L.C. ("Firm"), agree to the following:

1. <u>Purpose.</u> To represent Client in pursuit of a claim for damages arising out Mirador Real Estate and/or related entities/ individuals by attempting to conduct settlement negotiations and by completing all work that the Firm deems necessary to attempt to conduct those negotiations. Firm is not obligated by this Agreement to prosecute any administrative action, litigation, appeal or retrial on Client's behalf. Any additional claims or controversies will require the Client to enter into a new retainer agreement.







9. <u>Withdrawal by the Firm</u>. Firm may withdraw from the representation for good cause. Good cause includes, but is not limited to: (1) the Client's failure to act in good faith; (2) the Client's failure to cooperate; (3) the Client's failure to actively participate in the furtherance of the claims; (4) Client's breach of any paragraph of this Agreement; (5) Client's refusal to follow the Firm's reasonable advice on a material matter; (6) the identification of any fact or circumstance that would render the Firm's continuing representation unlawful or unethical; (7) Client's unreasonable failure to concur with attorneys' judgment or recommendation regarding the value of the case or with the Firm's management of the case; (8) the determination that Client has signed a waiver or release against an opposing party, that his/her claims are time-barred, or that he/she has not alleged a meritorious action; (9) adverse new developments such as new



law or adverse facts or (10) the employer or potential defendant's petition or discharge in bankruptcy rendering Client's claim is futile or no longer viable. If the Firm withdraws from its representation, the Firm will comply with DR 1.16 of the New York Rules of Professional Responsibility, which states in pertinent part that…a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client; including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.

10. <u>Client's Right to Discharge Firm</u>. Client shall have the right to discharge Firm at any time. In the event of a good cause withdrawal or a discharge, Firm is entitled to immediate payment of any amounts owed. Firm will also maintain a lien on Client's claim(s) as enumerated in Section 1, including any cause of action or lawsuit filed thereon or any recovery, whether by settlement, judgment, compromise or otherwise in any action that Client has filed. The amount of the lien will include the Firm's Contingency Fee.







Dated: 1/26/18
Great Neck, New York

MICHAEL J. BORRELLI, ESQ.

*Christine De Francesco*
Client's Signature

*Christine DeFrancesco*
Client's Name (Print)

4 of 4