# Exhibit 3

# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

<div style="display: flex;">

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
Tel. No. 516.248.5550
Fax No. 516.248.6027

</div>

February 27, 2018

*Via First Class & Electronic Mail*
Ms. Karla Saladino, Associate Broker/Managing Partner
Mirador Real Estate, LLC
16 East 12th Street
New York, New York 10003
karla.saladino@miradorrealestate.com

      Re:    *Christine DeFrancesco*

Dear Ms. Saladino:

      The above-referenced individual has retained this office in connection with her claims against Mirador Real Estate, LLC, and you individually, (collectively as "Mirador," "you," or "the Company"), pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and Section 7434 of the Internal Revenue Code ("IRC"), 26 U.S.C. § 7434. Generally, Ms. DeFrancesco alleges that throughout her employment, she routinely worked in excess of forty hours per week, yet the Company failed to pay her overtime compensation for all hours worked per week over forty in violation of the FLSA and the NYLL. Ms. DeFrancesco also alleges that the Company failed to pay her commissions or provide her with accurate wage statements on each payday or an accurate wage notice at hire, all in violation of the NYLL. Worse, when she complained about the Company's failure to pay her these commissions, Ms. DeFrancesco contends that the Company retaliated by terminating her employment, in violation of the NYLL. As icing on the cake, and as one last effort to cause Ms. DeFrancesco further harm, our client asserts that the Company issued her a fraudulent information return for the 2017 tax year in violation of the IRC by including money that she never received for a supposed "severance" as part of her 2017 W-2 income. Ms. DeFrancesco sets forth her specific allegations as follows:

As you know, Ms. DeFrancesco worked for Mirador as the Leasing Manager of Midtown East from on or about April 10, 2017 until November 22, 2017. Despite her title as a "manager," Ms. DeFrancesco did not have any meaningful discretion or managerial responsibilities, as she was not responsible for hiring or firing decisions and did not issue discipline to other employees. Instead, Ms. DeFrancesco's primary duty was to lease apartments, which involved, but was not limited to, the following tasks: on-site showing of apartments; verifying potential tenants' applications; handling paperwork for leasing applicants; signing leases; and closing leasing deals. In her time at the Company, Ms. DeFrancesco participated in approximately one hundred and seventeen leasing deals and closed at least twenty leasing deals on her own.

To complete her work, the Company scheduled and required Ms. DeFrancesco to work at least forty-five hours per week, on Monday, Tuesday, Wednesday, Friday, and Saturday. But in addition to her normal schedule, the Company required Ms. DeFrancesco to work an additional one-to-two hours per day on her normally-scheduled days and three-to-four hours per day on her scheduled "off days" - - Thursday and Sunday - - for a total of approximately sixty-three hours per week. For her work, the Company compensated Ms. DeFrancesco with an annual salary of $70,000.00, or $1,346.15 per week, which by operation of law covered only the first forty hours of work per week, and which computes to a regular hourly rate of $33.65. The Company thus failed to pay Ms. DeFrancesco at any rate of pay - - much less at the legally-mandated rate of one and one-half times her straight-time rate of pay, which is $50.48 - - for any hours that she worked in a week in excess of forty. The Company also failed to provide Ms. DeFrancesco with wage statements on each payday that accurately reflected her actual hours worked, her regular or overtime rates, or her earned commissions, or with a wage notice at hire that accurately listed, among other things, her regular and overtime rates of pay, or her regular pay day, leading to an additional $10,000.00 in statutory penalties pursuant to Section 198(1)(b) and (1)(d) of the NYLL.

Additionally, Mirador promised to pay Ms. DeFrancesco commissions in addition to her base salary based on the leasing deals that she completed on behalf of the Company. Specifically, for the deals that she closed entirely on her own, Ms. DeFrancesco earned $850.00 per deal, and for the deals that she assisted others in closing or with paperwork, she earned 3% of the total commission received by the Company. Further, for some deals in which she assisted others more actively, she earned 10-20% of $850.00, depending on the particular deal. Throughout her time at the Company, Ms. DeFrancesco earned at least $26,883.80 in commissions. But curiously, as described in greater detail below, the company completely failed to pay her a single penny of her earned commissions.

As a result of the Company's gross wage and hour violations, we estimate that you owe Ms. DeFrancesco $51,882.07 in unpaid overtime, $26,883.80 in unpaid commission, an additional 100% of the combined total of these amount as liquidated damages, $10,000.00 in the aforementioned statutory penalties, interest, reasonable attorneys' fees, and any costs incurred to

vindicate her rights. All told, exclusive of interest and fees, the Company is liable to Ms. DeFrancesco for at least an estimated minimum of $167,531.74.

Making matters worse, Mirador terminated Ms. DeFrancesco's employment in blatant retaliation for complaining about not receiving her commissions. That is, Ms. DeFrancesco inquired multiple times regarding her unpaid commissions, including in a September 5, 2017 email to you personally. But after telling her that she would receive her commissions in December 2017, rather than pay her, you terminated Ms. DeFrancesco's employment on or about November 22, 2017. The Company is therefore liable under the NYLL for its retaliatory termination of Ms. DeFrancesco's employment in the amount of her lost wages and benefits, emotional harm, punitive damages, liquidated damages, interest, and her reasonable attorneys' fees and costs.

And to top it all off, the Company issued to Ms. DeFrancesco a fraudulent IRS Form W-2 information return for the 2017 tax year, in gross violation of the IRC. Specifically, when firing her, the Company offered Ms. DeFrancesco a severance payment of $2,692.32 by letter dated November 22, 2017, the date of her termination. However, Ms. DeFrancesco never accepted this amount, nor has she received it. Nevertheless, the Company issued Ms. DeFrancesco an IRS Form W-2 containing this alleged amount. This was fraudulent. As a result, the Company is liable to Ms. DeFrancesco for the greater of $5,000.00, or the sum of any actual damages she sustained as a result of the Company misrepresenting her income, plus costs and her reasonable attorneys' fees incurred to vindicate her rights.

As you can glean, the Company's liability in this matter is serious and substantial, and Ms. DeFrancesco has instructed us to file a federal lawsuit on her behalf. But before we do so, we write to offer the Company the opportunity to resolve this matter - - expediently and confidentially - - at its inception. If the Company has any interest in resolving this matter in such a fashion then someone will contact us upon receipt. If we do not hear from someone within <u>ten</u> days of the date of this letter, we will assume that the Company has no interest in resolving this matter in such a manner and we will proceed accordingly.

The above-referenced text is merely a summary, should in no way be construed as a complete recapitulation of all pertinent facts, and is written without prejudice and without waiver of and indeed with full reservation of all of our client's rights and remedies.

Please note this letter constitutes a notice of intent to sue and any and all documents, including, but not limited to, contracts, reports, notes, memoranda, investigatory findings, e-mail correspondence, and any other electronically stored information relating to Ms. DeFrancesco, whether or not pertinent and/or material to the aforementioned claims, or to any potential claims that she may have, should be preserved to every extent possible. We also request that in responding to this letter you provide us with a full and complete copy of Ms. DeFrancesco's personnel file,

including all records reflecting the hours that she worked, the deals that she worked on, and/or any wages or commissions that the Company contends that it paid to her. In conjunction with that request, please also immediately produce any agreement that the Company contends contains alternative dispute resolution procedures that would govern the claims described herein.

We await a prompt response.

<div style="text-align: right;">
Respectfully,

Michael R. Minkoff, Esq.
*For the Firm*
</div>

C:     Client

| | |
|---|---|
| **From:** | Luiggi Tapia |
| **To:** | karla.saladino@miradorrealestate.com |
| **Cc:** | Michael R. Minkoff |
| **Subject:** | Christine DeFrancesco |
| **Date:** | Tuesday, February 27, 2018 7:10:46 PM |
| **Attachments:** | image001.png |
| | 2.27.18 ltr to Ms. Saladino re C. DeFrancesco.pdf |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Dear Ms. Saladino:

On behalf of Michael R. Minkoff, Esq., please see the attached.

Best Regards,

Luiggi Tapia, Paralegal

Borrelli & Associates, P.L.L.C.

1010 Northern Boulevard, Suite 328

Great Neck, NY 11021

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

www.employmentlawyernewyork.com

lt@employmentlawyernewyork.com

655 Third Avenue, Suite 1821

New York, NY 10017

Tel. No. (212)679-5000

Fax No. (212)679-5005

www.employmentlawyernewyork.com

lt@employmentlawyernewyork.com

Borrelli__Associates_PLLC-DK-200



Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.