# Exhibit 13

| | |
|---|---|
| **From:** | Michael R. Minkoff |
| **To:** | "Christine DeFrancesco Henriquez" |
| **Subject:** | FW: My contact info |
| **Date:** | Monday, June 25, 2018 11:29:27 AM |
| **Attachments:** | DeFrancesco Arb Agreement Metadata Analysis (6.25.18).pdf |
| | image001.jpg |

Dear Christine:

I hope all is well. I'm forwarding you the message below that I just sent to opposing counsel in the Mirador matter. I'm also attaching the document I just sent to him.

Feel free to give me a call to discuss if you have any questions.

He is going to be sending me more documents and information relating to the case. Once I receive and review them, I'll give you a call to discuss.

Thanks.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

1010 Northern Boulevard, Suite 328

Great Neck, New York 11021

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

-------------------------------------

655 Third Avenue, Suite 1821

New York, New York 10017

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Michael R. Minkoff

**Sent:** Monday, June 25, 2018 11:26 AM

**To:** 'Mark Goldberg'

**Subject:** RE: My contact info

Dear Mark:

Thank you for following up. As we briefly discussed this morning, my client denies having ever received the document that your client claims to be her arbitration agreement. While she does not deny that the signature on the last page does indeed appear to be hers, she expressly denies having ever received the document to sign as part of her employment, specifically noting that had she been asked to sign a ten-page document, she would have sought advice - - either from friends, colleagues, or counsel - - before executing it. She also does not recognize the name or signature of the countersigner on page ten.

Indeed, even before inquiring with my client as to whether or not she had signed the document, I found it very odd that there would be a signature page with nothing at all listed above it on the final page. Thus after receiving her response, we conducted a metadata analysis to ascertain whether there was any evidence in the document itself that would raise any red flags. The results give me

cause for concern - - they are attached for your review. There are a few points that warrant your attention:

1. The document was "created" on June 9 , 2018 despite the fact that my client's employment began on April 10, 2017 and ended on November 22, 2017.

2. The documents appears to have been modified after its creation date on June 13, 2018 at 10:41 am - - approximately five hours before you forwarded it to me.

3. Pages one through nine are encoded using a "CCITT" file format. CCITT encoding is traditionally the format used for documents that are created either by means of facsimile or document imaging (such as scanning), which suggests that they were created (or scanned/faxed) at the same time using the same process. So too does the fact that their compression ratios are all within a narrow range of 3.8% to 4.1%.

4. Page ten, unlike pages one through nine, is encoded using a "jpeg" format. Unlike CCITT, .jpeg is traditionally used as the format for encoding digital images. This is the typical format associated with digital cameras, and it is also associated with many application-based scanning software applications (such as "apps" found on smartphones and tablets that are used to digitize physical hard-copy documents into scanned images). While scanned images can be formatted as a "jpeg" using a traditional commercial printer/scanner, the likelihood that the same scanner would produce different pages of the same document with different encoding types is virtually nonexistent.

5. Finally, pages one through nine are coded as "Grey" with a single color component (i.e., not color, not black and white), while page ten is in color (with three color components).

As a result of the foregoing, Plaintiff does not consent to proceed to arbitration at this time. To the extent Defendant will still seek to enforce this "agreement," we ask that Defendant confirms the following information to avoid motion practice:

(a) Confirm when and how the document was created (including when and how it was first scanned into a computer system) and where and when it was allegedly signed

(b) Confirm who countersigned the document, including where and when and whether or not it was in my client's presence

(c) Confirm when and how your client provided you with the document (to be clear, and for the avoidance of doubt, I am *not* requesting any attorney-client privileged communications as part of this request)

(d) Provide the native original unsigned document in MS Word format (or whatever software was used to create the document)

(e) Provide the original hard-copy document, or make the same available for inspection

As you know, while all questions concerning the interpretation or application of an arbitration agreement - - including questions of waiver / forfeiture - - are to be determined *by* an arbitrator, the question of whether or not a valid arbitration agreement *exists* is a questions to be decided by the Court. And a party resisting a motion to compel arbitration is entitled to a summary jury trial where issues of material fact are in dispute. *See, e.g., Al Maya Trading Establishment v. Global Export Marketing Co. Ltd.*, 2014 WL 12661622, at *1 (S.D.N.Y. Mar. 19, 2014) (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)).

Please provide this information on or before 7/9 to allow us time to review sufficiently in advance of Defendant's current deadline to answer of 7/13. Depending on the nature of the documents / your client's willingness to provide the same, we may be open to extending that current deadline further to allow the parties to continue working through this dispute, as the Court has not yet scheduled an

initial conference in this matter.

**_The remainder of this message is for settlement purposes only:_**



Thanks, and speak with you soon.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

1010 Northern Boulevard, Suite 328

Great Neck; New York 11021

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

--------------------------------------

655 Third Avenue, Suite 1821

New York, New York 10017

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Mark Goldberg [mailto:mgoldberg@loeb.com]

**Sent:** Monday, June 25, 2018 9:24 AM

**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>

**Subject:** RE: My contact info

Michael, please advise if plaintiff will honor her agreement to arbitrate her claims and stay the instant federal action.

Thanks,

Mark

**From:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>

**Sent:** Wednesday, June 13, 2018 3:35 PM
**To:** Mark Goldberg <mgoldberg@loeb.com>
**Subject:** RE: My contact info

**This email originated from outside of Loeb's Network.**

Mark:

I'm forwarding the arbitration agreement to my client to discuss.

Regarding the stipulation, two issues brief. First, our firm name is misspelled. Second, we'd ask that you waive any objection to any service defects (though we don't expect that you'd raise them - - it's a matter of course in granting an extension here).

Please re-send, and I'll execute.

Thanks.

Sincerely,
Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
---------------------------------------
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. No. (212) 679-5000
Fax No. (212) 679-5005

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Mark Goldberg [mailto:mgoldberg@loeb.com]
**Sent:** Wednesday, June 13, 2018 2:56 PM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** RE: My contact info

Michael, as discussed, attached is a stip signed by me extending Mirador's time to respond to the complaint until a month from today and a copy of the arbitration agreement signed by Ms. DeFrancesco.

Please countersign the stipulation and email me back a copy. We'll file with the court.

Once you have reviewed the arbitration agreement, please let me know if you agree that it provides for the exclusive forum for the instant dispute. I will look at your below-cited cases regarding staying the action.

Mark

**From:** Michael R. Minkoff [mailto:mrm@employmentlawyernewyork.com]
**Sent:** Wednesday, June 13, 2018 10:56 AM
**To:** Mark Goldberg
**Subject:** RE: My contact info

**This email originated from outside of Loeb's Network.**

Dear Mark:

Thanks for the call this morning. As we discussed, we're happy to consent to an extension of time for your client to answer or otherwise move, following your entry of appearance. Please send over a proposed stipulation to that effect.

As we also discussed, please do send over the purported arbitration agreement. After reviewing the same, if indeed the agreement does mandate arbitration of this claim, we will likely consent to a stay of our case pending arbitration, per the Second Circuit's ruling in *Katz v. Cellco Partnership*, 794 F.3d 341, 344-347 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 596 (2015) (holding that Federal Arbitration Act ("FAA")'s mandate of a "stay of proceedings [is] necessary after all claims have been referred to arbitration and a stay requested" and noting that district court lacks discretion to dismiss the action and must enter a stay); *see also Celltrace Commc'ns Ltd. v. Acacia Research Corp.*, 689 Fed. App'x 6, 7 (2d. Cir. 2017) (summary order) (reversing district court's decision to dismiss, rather than stay, action pending arbitration); *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 386 (2d Cir. 2016) (citing *Katz*, 794 F.3d at 347) ("mandatory 'shall' language [of section 3 of FAA] requires a federal court to stay, rather than dismiss, a case if it is referred to arbitration and a stay is requested by a party"); *Virk v. Maple-Gate Anesthesiologists, P.C.*, 657 Fed. App'x 19, 20-21 (2d Cir. 2016) (citing *Katz*, 794 F.3d at 341; and 9 U.S.C. § 3) (reversing district court for dismissing complaint after claims were submitted to arbitration because "district courts lack discretion to dismiss, rather than stay, an action when all claims are referred to arbitration and a stay requested by any party").

Once we get these procedural issues squared away, we can briefly delve into the merits of our clients' respective positions and explore whether it makes sense to consider an early mediation, or just dive right into arbitration.

I look forward to working with you on this matter.

Sincerely,

Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
---------------------------------------
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. No. (212) 679-5000
Fax No. (212) 679-5005

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Mark Goldberg [mailto:mgoldberg@loeb.com]
**Sent:** Wednesday, June 13, 2018 10:35 AM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** My contact info
**Mark Goldberg**

*Partner*

345 Park Avenue | New York, NY 10154
**Direct Dial:** 212.407.4925 | **Fax:** 212.656.1198 | **E-mail:** mgoldberg@loeb.com
**Los Angeles | New York | Chicago | Nashville | Washington, DC | Beijing | Hong Kong |** www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.