# Exhibit 20

| | |
|---|---|
| From: | Michael R. Minkoff |
| To: | "Christine DeFrancesco Henriquez" |
| Subject: | RE: Christine DeFrancesco |
| Date: | Friday, September 21, 2018 12:02:10 PM |

Dear Ms. DeFrancesco:

I'm following up again on this matter. I've called you several times this week and left you multiple messages, including one earlier this morning, but I have not received any calls back from you. It's imperative that we discuss what the next steps in the case are going to involve based on your decision to withhold consent to go to arbitration. Please let me know if you are available at all to speak by phone today or Monday.

We also have not yet had an opportunity to discuss opposing counsel's letter in response to your complaint (which I have reviewed, including the letter's exhibits), which will have a substantial bearing on the merits of this case. My hope was that we could have a constructive discussion about their allegations ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

In any event, we must inform opposing counsel by today what our position is with respect to the next steps in this case (both as to the arbitration and as to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇). In brief, we have three options for moving forward:

1. Attempt to negotiate a resolution of the case before having to deal with the arbitration motion
   a. 
   b. I must be clear, though, that opposing counsel has said that they will only agree to  I just want you to be aware of what he's told me.
2. Because of the tremendous increase in time and expense that will be necessary to litigate the arbitration dispute, and because you have made the decision to decline our advice and counsel on what can fairly be described as a material matter relating to this representation, our firm is not prepared to handle litigating the arbitration motion (and trial) under the terms of your current retainer agreement. As a result, we will need to enter into a new hourly retainer agreement, which will require you to provide a retainer payment in the amount of $15,000.00, which we will hold in escrow and draw down from on an hourly basis (at the rates of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇). Expenses would also have to be paid as they come due, as we have discussed, particularly regarding expert

witnesses. Should we use up the retainer (which will happen once we hire the experts) you will need to replenish the retainer with a new payment. This is a conversation that I would have preferred to have over the phone, but again I have not heard from you all week other than via email.

3. If you are neither interested in attempting to negotiate a resolution of the matter, nor interested in the new retainer described above, we will be forced to withdraw from the matter.

At bottom, my hope is that we can continue working together on this matter.
I hope to hear from you soon.
Sincerely,
Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
-------------------------------------
Tel. No. (212) 679-5000
Fax No. (212) 679-5005
www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Michael R. Minkoff
**Sent:** Thursday, September 20, 2018 3:57 PM
**To:** 'Christine DeFrancesco Henriquez'
**Subject:** RE: Christine DeFrancesco

Ms. DeFrancesco:

I'm afraid you are mistaken about how you've characterized my June 25th email. That message -- which I have attached to this email -- set forth our allegations with respect to the documents he sent and which he purported contained your arbitration "agreement." I also forwarded you his response to me -- which I have also attached to this email -- where he explains why the documents were "created" after your termination. The electronic version of the documents were re-generated based on his office scanning the originals when he received them. He explained why the different pages contained different forms of metadata.

He also provided a completely plausible explanation for why the documents were as they were -- which he will 100% use as the basis for his motion to compel arbitration -- and which we will have to oppose through your sworn testimony. You are going to need to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and you are going to have to provide your explanation as to how and why they were forged.

What is going to be your response to these points? I need to be able to communicate that to opposing counsel in any opposition to their motion, and to explain to him why we are not consenting to arbitration.

Sincerely,

Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
-------------------------------------------
Tel. No. (212) 679-5000
Fax No. (212) 679-5005
www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Christine DeFrancesco Henriquez <cdefrancesco@yahoo.com>
**Sent:** Thursday, September 20, 2018 3:49 PM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** Re: Christine DeFrancesco

Dear Mr. Minkoff,

In my previous 3 emails I have already stated that I want to go to court. I do not want to go to arbitration. In your email on June 25th you established the employment documents were in fact created and altered after my termination. At that time, you were fully prepared to go to court with a jury.

I want a jury trail and I am willing to wait. [redacted]

Also, could you please cc me on your emails with Mark Goldberg.

Thank you,

Christine DeFrancesco

Sent from my iPhone

> On Sep 20, 2018, at 9:48 AM, Michael R. Minkoff <mrm@employmentlawyernewyork.com> wrote:
>
> Hi Christine:
> I'm following up again on the arbitration issue. I need a firm answer from you - - one way or another - - regarding whether I'm authorized to notify defendant's counsel that we will consent to proceed to arbitration. If indeed you do provide your consent, as I hope that you will, we can write up a stipulation that states in sum and substance [redacted]

Please confirm as soon as possible.
Sincerely,
Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
------------------------------------------
Tel. No. (212) 679-5000
Fax No. (212) 679-5005
www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Michael R. Minkoff
**Sent:** Tuesday, September 18, 2018 4:28 PM
**To:** 'Christine DeFrancesco Henriquez' <cdefrancesco@yahoo.com>
**Subject:** RE: Christine DeFrancesco

Christine:

███████████████████████████████████.

I understand that it is your position that the documents were falsified - - we will have to have a trial to prove that if we are able to survive their motion to compel arbitration. If we are successful, that will have no bearing on the merits of your overtime and commissions and retaliation claims. Those matters will all be delayed until after the arbitration dispute is resolved. As I have said repeatedly now, if we lose the arbitration motion - -████████████████████████████████████████████████████████████ - - defendants will seek to recover from you thousands and thousands of dollars of attorneys fees. I should also emphasize that in order to prove that the documents are indeed fraudulent, we will need to hire an expert witness, which can cost upwards of $15,000 or more. These are not expenses that we generally advance on behalf of a client, particularly not on a side issue that are advising against pursuing, meaning you will have to pay for these expenses out of pocket as they are incurred. Moreover, if at any point evidence comes to light that is contrary to your position (or, I should say, if we are unable to develop sufficient evidence in favor of your position), we are not ethically permitted to advance the argument, as the allegations are based on fraud, and arguing for (or against) them has deep implications on the case moving forward.

As I have also said repeatedly now, the quickest way to get to the merits of your claims is to consent to arbitration. ████████████████████████████████████████████████████████████████████████████████████████. To be clear, and as a reminder, we do not convey any settlement demands unless and until you approve them. Similarly, we do not accept any settlement offers without your express consent and confirmation. We are

obligated to convey to you any settlement offers that they make, and then from there we simply advise as to whether or not we believe the offer is fair and reasonable, and whether or not we believe we can obtain a better offer (and eventual settlement) for you.

With that being said, from the onset of the case, the view, or strategy, or goal has been and remains the same: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). That has not changed. Nor will it. Again - - and I cannot emphasize this enough - - if you refuse to consent to proceed to arbitration, this case will be delayed for very likely over a year at the least, and defendants will not entertain any settlement discussions until the arbitration question is resolved, and only then if we win, and if we do not win, they will attempt to collect substantial money from you. By way of an example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

At bottom, as I have said, I truly believe that it is in your best interest to avoid an inordinate delay that would be caused by challenging their arbitration request. So I ask again - - please advise as soon as possible whether you will consent to proceed to arbitration. If not, please explain your rationale for refusing to consent and for going against our advice and counsel. Again, I think it would be best for us to discuss this by phone, as it seems our emails to one another are not helping us to understand one another.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Sincerely,
Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
--------------------------------------
Tel. No. (212) 679-5000
Fax No. (212) 679-5005
www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Christine DeFrancesco Henriquez <cdefrancesco@yahoo.com>
**Sent:** Tuesday, September 18, 2018 4:02 PM

**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** Re: Christine DeFrancesco

Mr. Minkoff,

I am confused by your response.

From the onset of my case you stated █████████████████████████████
████████████████████████████████. She mislead and modified documents which no judge can overlook as fact. I do believe in the justice system. I don't know why a judge would rule differently and I understand I could appeal such decision as they can, which also could take time.

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

Sincerely,

Christine DeFrancesco
Sent from my iPhone

On Sep 18, 2018, at 3:32 PM, Michael R. Minkoff <mrm@employmentlawyernewyork.com> wrote:

> Dear Christine:
> I am following up on this conversation - - we need an answer asap on whether or not you are prepared to consent to arbitration. Please advise. Again, I'm available to discuss further by phone, as I just left you a voicemail confirming the same.
> Sincerely,
> Michael R. Minkoff, Esq.
> Borrelli & Associates, P.L.L.C.
> Tel. No. (516) 248-5550
> Fax No. (516) 248-6027
> ------------------------------------
> Tel. No. (212) 679-5000
> Fax No. (212) 679-5005
> www.employmentlawyernewyork.com
>
> Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or

other storage device or media. Thank you.

**From:** Michael R. Minkoff
**Sent:** Monday, September 17, 2018 7:06 PM
**To:** Christine DeFrancesco <cdefrancesco@yahoo.com>
**Subject:** Re: Christine DeFrancesco

Christine:

As I explained to you on Friday, if we fight the arbitration there is virtually nothing to gain other than a best case scenario of a year-plus delay before even beginning to explore the merits. Moreover, if we lose the motion, defendants counsel has stated he will seek his fees and costs against you. I cannot sag whether or not he would prevail on that effort as I cannot say whether or not he will prevail on his motion. I will say, though, as I said on Friday, ███████████████████████████████████████
███████████████████████████.
I was not adamant that ███████████████. I was explaining your options, as I am now.
To be clear — the goal is ███████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███.

In any event, the decision remains yours. And as I said on Friday, my view and the view of the partners here is that your best interest is to consent to the arbitration. You can choose to take our advice and counsel, or not. If you're still undecided about arbitration let's discuss further tomorrow. But I need an answer within the next day or so.
Please advise.

Sincerely,
Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
------------------------------
Tel. No. (212) 679-5000
Fax No. (212) 679-5005
www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without

the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

On Sep 17, 2018, at 6:55 PM, Christine DeFrancesco <cdefrancesco@yahoo.com> wrote:



> Dear Mr. Minkoff,
> The paperwork you sent me back in June was very clear that the documents were forged ▮▮▮▮▮▮ They created the document after I was fired. We both know they could have put 100 pages in, before the signature page. I was confused when you made me go to the office to look at them, after I told you I didn't sign it.
> I wanted to enclose the first documents you brought to my attention that were from Karla's attorney. In them, ▮▮▮▮▮▮ These were completely fabricated and created deliberately to mislead the true events that had occurred.
> Based on these documents, I felt at the time you were ▮▮▮▮▮▮
>
> Regards,
> Christine DeFrancesco

----- Forwarded Message -----

**From:** Michael R. Minkoff
<mrm@employmentlawyernewyork.com>
**To:** 'Christine DeFrancesco Henriquez'
<cdefrancesco@yahoo.com>
**Sent:** Monday, June 25, 2018 11:29:30 AM EDT
**Subject:** FW: My contact info

Dear Christine:

I hope all is well. I'm forwarding you the message below that I just sent to opposing counsel in the Mirador matter. I'm also attaching the document I just sent to him.

Feel free to give me a call to discuss if you have any questions.

He is going to be sending me more documents and information relating to the case. Once I receive and review them, I'll give you a call to discuss.

Thanks.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

1010 Northern Boulevard, Suite 328

Great Neck, New York 11021

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

----------------------------------------

655 Third Avenue, Suite 1821

New York, New York 10017

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Michael R. Minkoff

**Sent:** Monday, June 25, 2018 11:26 AM
**To:** 'Mark Goldberg' <mgoldberg@loeb.com>
**Subject:** RE: My contact info

Dear Mark:

Thank you for following up. As we briefly discussed this morning, my client denies having ever received the document that your client claims to be her arbitration agreement. While she does not deny that the signature on the last page does indeed appear to be hers, she expressly denies having ever received the document to sign as part of her employment, specifically noting that had she been asked to sign a ten-page document, she would have sought advice - - either from friends, colleagues, or counsel - - before executing it. She also does not recognize the name or signature of the countersigner on page ten.

Indeed, even before inquiring with my client as to whether or not she had signed the document, I found it very odd that there would be a signature page with nothing at all listed above it on the final page. Thus after receiving her response, we conducted a metadata analysis to ascertain whether there was any evidence in the document itself that would raise any red flags. The results give me cause for concern - - they are attached for your review. There are a few points that warrant your attention:

1. The document was "created" on June 9 , 2018 despite the fact that my client's employment began on April 10, 2017 and ended on November 22, 2017.

2. The documents appears to have been modified after its creation date on June 13, 2018 at 10:41 am - - approximately five hours before you forwarded it to me.

3. Pages one through nine are encoded using a "CCITT" file format. CCITT encoding is traditionally the format used for documents that are created either by means of facsimile or document imaging (such as scanning), which suggests that they were created (or scanned/faxed) at the same time through the same process. So too does the fact that their compression ratios are all within a narrow range of 3.8% to 4.1%.

4. Page ten, unlike pages one through nine, is encoded using a "jpeg" format. Unlike CCITT, .jpeg is traditionally used as the format for encoding digital images. This is the typical format associated with digital cameras, and it is also associated with many application-based scanning software applications (such as "apps" found on smartphones and tablets that are used to digitize physical hard-copy documents into scanned images). While scanned images can be formatted as a "jpeg" using a traditional commercial printer/scanner, the likelihood that the same scanner would produce different pages of the same document with different encoding types is virtually nonexistent.

5. Finally, pages one through nine are coded as "Grey" with a single color component (i.e., not color, not black and white), while page ten is in color (with three color components).

As a result of the foregoing, Plaintiff does not consent to proceed to arbitration at this time. To the extent Defendant will still seek to enforce this "agreement," we ask that Defendant confirms the following information to avoid motion practice:

(a) Confirm when and how the document was created (including when and how it was first scanned into a computer system) and where and when it was allegedly signed

(b) Confirm who countersigned the document, including where and when and whether or not it was in my client's presence

(c) Confirm when and how your client provided you with the document (to be clear, and for the avoidance of doubt, I am *not* requesting any attorney-client privileged communications as part of this request)

(d) Provide the native original unsigned document in MS Word format (or whatever software was used to create the document)

(e) Provide the original hard-copy document, or make the same available for inspection

As you know, while all questions concerning the interpretation or application of an arbitration agreement - - including questions of waiver / forfeiture - - are to be determined *by* an arbitrator, the question of whether or not a valid arbitration agreement *exists* is a questions to be decided by the Court. And a party resisting a motion to compel arbitration is entitled to a summary jury trial where issues of material fact are in dispute. *See, e.g., Al Maya Trading Establishment v. Global Export Marketing Co. Ltd.*, 2014 WL 12661622, at *1 (S.D.N.Y. Mar. 19, 2014) (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)).

Please provide this information on or before 7/9 to allow us time to review sufficiently in advance of Defendant's current deadline to answer of 7/13. Depending on the nature of the documents / your client's willingness to provide the same, we may be open to extending that current deadline further to allow the parties to continue working through this dispute, as the Court has not yet scheduled an initial conference in this matter.

**The remainder of this message is for settlement purposes only:**





Thanks, and speak with you soon.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

1010 Northern Boulevard, Suite 328

Great Neck, New York 11021

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

----------------------------------------

655 Third Avenue, Suite 1821

New York, New York 10017

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Mark Goldberg [mailto:mgoldberg@loeb.com]
**Sent:** Monday, June 25, 2018 9:24 AM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>

**Subject:** RE: My contact info

Michael, please advise if plaintiff will honor her agreement to arbitrate her claims and stay the instant federal action.

Thanks,

Mark

---

**From:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Sent:** Wednesday, June 13, 2018 3:35 PM
**To:** Mark Goldberg <mgoldberg@loeb.com>
**Subject:** RE: My contact info

This email originated from outside of Loeb's Network.

Mark:

I'm forwarding the arbitration agreement to my client to discuss.

Regarding the stipulation, two issues brief. First, our firm name is misspelled. Second, we'd ask that you waive any objection to any service defects (though we don't expect that you'd raise them - - it's a matter of course in granting an extension here).

Please re-send, and I'll execute.

Thanks.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

1010 Northern Boulevard, Suite 328

Great Neck, New York 11021

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

---

655 Third Avenue, Suite 1821

New York, New York 10017

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

---

**From:** Mark Goldberg [mailto:mgoldberg@loeb.com]
**Sent:** Wednesday, June 13, 2018 2:56 PM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** RE: My contact info

Michael, as discussed, attached is a stip signed by me extending Mirador's time to respond to the complaint until a month from today and a copy of the arbitration agreement signed by Ms. DeFrancesco.

Please countersign the stipulation and email me back a copy. We'll file with the court.

Once you have reviewed the arbitration agreement, please let me know if you agree that it provides for the exclusive forum for the instant dispute. I will look at your below-cited cases regarding staying the action.

Mark

---

**From:** Michael R. Minkoff [mailto:mrm@employmentlawyernewyork.com]
**Sent:** Wednesday, June 13, 2018 10:56 AM
**To:** Mark Goldberg
**Subject:** RE: My contact info

This email originated from outside of Loeb's Network.

Dear Mark:

Thanks for the call this morning. As we discussed, we're happy to consent to an extension of time for your client to answer or otherwise move, following your entry of appearance. Please send over a proposed stipulation to that effect.

As we also discussed, please do send over the purported arbitration agreement. After reviewing the same, if indeed the agreement does mandate arbitration of this claim, we will likely consent to a stay of our case pending arbitration, per the Second Circuit's ruling in *Katz v. Cellco Partnership*, 794 F.3d 341, 344-347 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 596 (2015) (holding that Federal Arbitration Act ("FAA")'s mandate of a "stay of proceedings [is] necessary after all claims have been

referred to arbitration and a stay requested" and noting that district court lacks discretion to dismiss the action and must enter a stay); *see also Celltrace Commc'ns Ltd. v. Acacia Research Corp.*, 689 Fed. App'x 6, 7 (2d. Cir. 2017) (summary order) (reversing district court's decision to dismiss, rather than stay, action pending arbitration); *Doscher v. Sea Port Grp. Sec. LLC*, 832 F.3d 372, 386 (2d Cir. 2016) (citing *Katz*, 794 F.3d at 347) ("mandatory 'shall' language [of section 3 of FAA] requires a federal court to stay, rather than dismiss, a case if it is referred to arbitration and a stay is requested by a party"); *Virk v. Maple-Gate Anesthesiologists, P.C.*, 657 Fed. App'x 19, 20-21 (2d Cir. 2016) (citing *Katz*, 794 F.3d at 341; and 9 U.S.C. § 3) (reversing district court for dismissing complaint after claims were submitted to arbitration because "district courts lack discretion to dismiss, rather than stay, an action when all claims are referred to arbitration and a stay requested by any party").

Once we get these procedural issues squared away, we can briefly delve into the merits of our clients' respective positions and explore whether it makes sense to consider an early mediation, or just dive right into arbitration.

I look forward to working with you on this matter.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

1010 Northern Boulevard, Suite 328

Great Neck, New York 11021

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

----------------------------------------

655 Third Avenue, Suite 1821

New York, New York 10017

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any

computer, disk drive, diskette, or other storage device or media. Thank you.

---

**From:** Mark Goldberg [mailto:mgoldberg@loeb.com]
**Sent:** Wednesday, June 13, 2018 10:35 AM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** My contact info

**Mark Goldberg**
*Partner*

345 Park Avenue | New York, NY 10154
**Direct Dial:** 212.407.4925 | **Fax:** 212.656.1198 | **E-mail:** mgoldberg@loeb.com

**Los Angeles | New York | Chicago | Nashville | Washington, DC | Beijing | Hong Kong |** www.loeb.com

CONFIDENTIALITY NOTICE. This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP