# Exhibit 21

**From:** Michael Borrelli
**To:** Michael R. Minkoff; "Christine DeFrancesco"
**Subject:** RE: Christine DeFrancesco
**Date:** Tuesday, September 25, 2018 4:38:37 PM
**Attachments:** image001.png
image002.png

And I will just add re: the extension given to the other side. I deemed it necessary as we must straighten out whether or not we are representing you going forward immediately. With that issue up in the air we certainly didn't want them to file their motion for arbitration before you had a chance to look for new counsel.

Best Regards,
MICHAEL J. BORRELLI, Esq.
Managing Member
Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, NY 11021
Tel. No. (516) 248 - 5550
Fax No. (516) 248 - 6027
mjb@employmentlawyernewyork.com
www.employmentlawyernewyork.com
www.516abogado.com
655 Third Avenue, Suite 1821
New York, NY 10017
Tel No. (212) 679 - 5000
Fax No. (212) 679 - 5005
mjb@employmentlawyernewyork.com
www.employmentlawyernewyork.com
www.516abogado.com
screenshot for website

cc screenshot 2

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Michael R. Minkoff
**Sent:** Tuesday, September 25, 2018 4:17 PM
**To:** 'Christine DeFrancesco' ; Michael Borrelli
**Subject:** RE: Christine DeFrancesco

Dear Ms. DeFrancesco:

In response to several of the points your raised in your most recent email, I'm providing the following answers. It is our hope that we can indeed set up a call to discuss each of these items

1

further and avoid the need to withdraw. Thus, please let us know if you are available for a call tomorrow. I'm proposing mid-day around what might be your lunch break, say 12pm or 1pm. Please confirm whether you are available to speak then, or please feel free to propose an alternative time.

- You mentioned my "letter dated June 25th." I'm not certain that I know what "letter" you are referring to. I have attached an email correspondence that I sent to opposing counsel on June 25th, and that I also forward to you on the same day. Please confirm that this is indeed the June 25th "letter" you are referring to.
    - Regarding that letter, we withheld consent to proceed to arbitration "at that time," based on what we had learned about the metadata attached to the arbitration and confidentiality "agreements" that they sent over. Since that time, they have provided us with more information, including emails and what i view as a plausible explanation for why the metadata we uncovered said what it said. By "plausible" I do not mean to suggest that I believe their account - - I just mean that it will pose a significant hurdle for us to clear if we hope to defeat their motion to compel arbitration. We also, as you know, met at opposing counsel's office to review what they claim to be the hard-copy "originals" of the "agreements," as well as some other documents from your personnel file. Again, based on that meeting, I conveyed to you that in our view it would be in your best interest to consent to proceed with arbitration - - to be clear, without admitting that you indeed did sign the documents - - because challenging their motion will result in what will assuredly be a more-than-one-year delay between briefing the motion, the court ruling on the motion, and if the court rejects their motion and orders a trial, limited discovery solely on the issue of the agreements (and culminating in a trial).
- Regarding the extension that we will grant defendant's counsel: they are asking for an additional three weeks to file their motion. Because I previously represented to them that I was determining whether you would provide your authority to convey a settlement demand in advance of their motion, they delayed beginning work on their motion papers - - in the interest of preserving resources that could otherwise be used for the purposes of settlement. I spoke with opposing counsel yesterday and explained unequivocally that you will **not** consent to proceed to arbitration, meaning that they will have to make their motion. He explained that he will be hiring a handwriting expert witness to use as part of his motion, which will require additional time. As a matter of professional courtesy, it would be unreasonable for us to refuse to grant him the extension, particularly in light of the fact that if we did NOT grant him the extension, he could simply write to the court, explain the situation, paint us in a very negative light, and assuredly receive as much time as he asks for from the court (all while putting a bad taste in the judge's mouth, and tilting the scales slightly against us before we even get started).



- Regarding your question about the time necessary to devote to the arbitration question: yes,

2

a deposition generally takes only one day to complete. However, if we are forced to go to trial on the issue, in addition to a day long deposition, you will need to be in attendance for a multi-day trial. I would suspect that, depending on the number of witnesses, trial will last anywhere from 3-5 days. Again, this would solely be a trial on the issue of the arbitration "agreement," not on the merits of the underlying dispute in the case.

Finally, regarding your retainer agreement with the firm: Section 8 describes the circumstances under which we may withdraw from representation. Specifically, Section 8(5) identifies "Client's refusal to follow the Firm's reasonable advice on a material matter" as a basis for our withdrawal. Similarly, Section 8(7) identifies "Client's unreasonable failure to concur with attorneys' judgment or recommendation regarding the value of the case or with the Firm's management of the case" as an additional ground, and Section 8(9) identifies "adverse new developments such as new law or adverse facts" as still another ground. In our view, you decision to decline our advice with respect to consenting to arbitration falls within Section 8(5). ███████████████████████████████

███████████████████████████████ Finally, the identification of the Arbitration "Agreement" itself constitutes a "new fact" under Section 8(9) that we were not aware of at the time we entered into the retainer with you.

Your decisions to decline to follow our advice on a material matter, to evaluate your case differently, and to view the effect of disclosure of the arbitration "agreement" are all -- of course - - your prerogative. You have every right to take the views and positions that you are taking, and our only goal is to advise you as to what we believe is in your best interests and in the best interest of the case. Nevertheless, our seeming inability to see eye-to-eye on these points constitutes good cause to, and a valid basis for, withdrawal from the representation.

Sincerely,
Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
Tel. No. (516) 248-5550
Fax No. (516) 248-6027

---

Tel. No. (212) 679-5000
Fax No. (212) 679-5005
www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Christine DeFrancesco <cdefrancesco@yahoo.com>
**Sent:** Tuesday, September 25, 2018 7:42 AM
**To:** Michael Borrelli <mjb@employmentlawyernewyork.com>
**Cc:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** Re: Christine DeFrancesco

Good morning Mr. Borrelli,

Sincerely,
Christine DeFrancesco

On Monday, September 24, 2018 09:24:28 PM EDT, Michael Borrelli <mjb@employmentlawyernewyork.com> wrote:

Christine:

Michael J. Borrelli
Borrelli & Associates, P.L.L.C.
Sent from my iPhone

On Sep 24, 2018, at 9:02 PM, Christine DeFrancesco <cdefrancesco@yahoo.com> wrote:

Thank you, please see my reply below:
Dear Ms. DeFrancesco:
Thank you for providing your responses. I understand that you are declining to consent to arbitration - *I am going to abide by your decision in your letter dated June 25th.* - I will notify Defendants' counsel of your position.
Shouldn't it be YOUR /OUR decision?
**We will provide them with a final extension of time to make their motion while we work out the issues you've identified in your last email.**
*Why an extension of time? They were to submit their papers in a timely manner and we could move towards a court date.*
What Issues? You originally stated we were going to court. I do not understand why it was so imperative for me to send several emails to you, stating no arbitration, as per your letter and now you are giving them extension?

- - however I must point out that by challenging the arbitration motion and insisting on a trial with respect to the arbitration issue is going to require

4

you to take time off to (a) attend a deposition, and (b) attend the trial, which will almost certainly be a few days long.

███████████████████████████████ I was told the deposition will not be more than a day if scheduled in the morning as they usually are. As for the arbitration I was informed you can submit your motion to the judge and I do not need to appear. ████████████████████████████████████████████████████

Thanks again, and I hope to speak with you soon.
Sincerely,
Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
----------------------------------------
Tel. No. (212) 679-5000
Fax No. (212) 679-5005
www.employmentlawyernewyork.com
On Monday, September 24, 2018 02:46:05 PM EDT, Michael R. Minkoff <mrm@employmentlawyernewyork.com> wrote:

Dear Ms. DeFrancesco:

Thank you for providing your responses. I understand that you are declining to consent to arbitration - - I will notify Defendants' counsel of your position. We will provide them with a final extension of time to make their motion while we work out the issues you've identified in your last email. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ - however I must point out that by challenging the arbitration motion and insisting on a trial with respect to the arbitration issue is going to require you to take time off to (a) attend a deposition, and (b) attend the trial, which will almost certainly be a few days long.

Thanks again, and I hope to speak with you soon.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

5

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

-----------------------------------------

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Christine DeFrancesco <cdefrancesco@yahoo.com>
**Sent:** Friday, September 21, 2018 8:22 PM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** Re: RE: Christine DeFrancesco

Please see bolded responses below.

Dear Ms. DeFrancesco:

[redacted]

It's imperative that we discuss what the next steps **THE NEXT STEP IS GO TO COURT** in the case are going to involve based on your decision to withhold consent to go to arbitration. [redacted]



**I did not sign those documents and I have said this over and over again!!!!!** Please let me know if you are available at all to speak by phone today or Monday. [redacted]

[redacted]

We also have not yet had an opportunity to discuss opposing counsel's letter in response to your complaint (which I have reviewed, including the letter's exhibits), [redacted]

6

In any event, we must inform opposing counsel by today **_YOU SAID THIS YESTERDAY AND THE DAY BEFORE. NOTHING HAS CHANGED FOR ME,_** ▇ **_. I WANT TO GO TO COURT._** ▇ what our position is with respect to the next steps in this case (▇). In brief, we have three options for moving forward:

I WANT TO GO WITH THE ORIGINAL PLAN. ▇

I AM NOT MODIFYING OUR RETAINER AGREEMENT. I WAS ADVISED BY A CONFIDENT, WHO IS KNOWLEDGABLE IN THESE THINGS, NOT TOO. ▇

1. Attempt to negotiate a resolution of the case before having to deal with the arbitration motion

   a. ▇

   b. ▇

2. Because of the tremendous increase in time and expense that will be necessary to litigate the arbitration dispute, and because you have made the decision to decline our advice and counsel on what can fairly be described as a material matter relating to this representation, our firm is not prepared to handle litigating the arbitration motion (and trial) under the terms of your current retainer agreement. As a result, we will need to enter into a new hourly retainer agreement, which will require you to provide a retainer payment in the amount of $15,000.00, which we will hold in escrow and draw down from on an hourly basis ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Expenses would also have to be paid as they come due, as we have discussed, particularly regarding expert witnesses. Should we use up the retainer (which will happen once we hire the experts) you will need to replenish the retainer with a new payment. This is a conversation that I would have preferred to have over the phone, but again I have not heard from you all week other than via email.

3. If you are neither interested in attempting to negotiate a resolution of the matter, nor interested in the new retainer described above, we will be forced to withdraw from the matter. IF YOU INSIST ON MODIFYING THE ORIGINAL RETAINER AGREEMENT ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ THEN I SHOULD HAVE NO OTHER CHOICE. I WILL HAVE TO HIRE ONE OF THE OTHER ATTORNEYS REFERRED TO REPRESENT ME.

I HAVE REPEATEDLY TOLD YOU, IN SEVERAL EMAILS THAT I DID NOT WANT TO GO TO ARBITRATION. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ I HAVE TOLD YOU I DID NOT SIGN OR SEE THOSE DOCUMENTS AND YOU STILL BROUGHT ME INTO THE ATTORNEYS OFFICE TO TELL HIM. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

PLEASE LET ME KNOW IF YOU ARE WITHDRAWING FROM THIS CASE OR YOU WILL BE STANDING BY YOUR AGREEMENT WITH ME.

8

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

----------------------------------------

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Sent from my iPhone

On Friday, September 21, 2018 12:02:13 PM EDT, Michael R. Minkoff <mrm@employmentlawyernewyork.com> wrote:

Dear Ms. DeFrancesco:

I'm following up again on this matter. I've called you several times this week and left you multiple messages, including one earlier this morning, but I have not received any calls back from you. It's imperative that we discuss what the next steps in the case are going to involve based on your decision to withhold consent to go to arbitration. Please let me know if you are available at all to speak by phone today or Monday.

We also have not yet had an opportunity to discuss opposing counsel's letter in response to your complaint (which I have reviewed, including the letter's exhibits),

In any event, we must inform opposing counsel by today what our position is with respect to the next steps in this case (both as to the arbitration and as to whether or not we are interested in trying to settle the case in advance of resolving the arbitration question). In brief, we have three options for moving forward:

1. Attempt to negotiate a resolution of the case before having to deal with the arbitration motion

    a. 

9



2. Because of the tremendous increase in time and expense that will be necessary to litigate the arbitration dispute, and because you have made the decision to decline our advice and counsel on what can fairly be described as a material matter relating to this representation, our firm is not prepared to handle litigating the arbitration motion (and trial) under the terms of your current retainer agreement. As a result, we will need to enter into a new hourly retainer agreement, which will require you to provide a retainer payment in the amount of $15,000.00, which we will hold in escrow and draw down from on an hourly basis ( ▮▮▮▮▮ ). Expenses would also have to be paid as they come due, as we have discussed, particularly regarding expert witnesses. Should we use up the retainer (which will happen once we hire the experts) you will need to replenish the retainer with a new payment. This is a conversation that I would have preferred to have over the phone, but again I have not heard from you all week other than via email.

3. If you are neither interested in attempting to negotiate a resolution of the matter, nor interested in the new retainer described above, we will be forced to withdraw from the matter.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

----------------------------------------

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Michael R. Minkoff
**Sent:** Thursday, September 20, 2018 3:57 PM
**To:** 'Christine DeFrancesco Henriquez' <cdefrancesco@yahoo.com>
**Subject:** RE: Christine DeFrancesco

Ms. DeFrancesco:

I'm afraid you are mistaken about how you've characterized my June 25th email. That message - - which I have attached to this email - - set forth our allegations with respect to the documents he sent and which he purported contained your arbitration "agreement." I also forwarded you his response to me - - which I have also attached to this email - - where he explains why the documents were "created" after your termination. The electronic version of the documents were re-generated based on his office scanning the originals when he received them. He explained why the different pages contained different forms of metadata.

He also provided [REDACTED] and you are going to have to provide your explanation as to how and why they were forged. [REDACTED] I need to be able to communicate that to opposing counsel in any opposition to their motion, and to explain to him why we are not consenting to arbitration.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

-----------------------------------

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Christine DeFrancesco Henriquez <cdefrancesco@yahoo.com>
**Sent:** Thursday, September 20, 2018 3:49 PM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** Re: Christine DeFrancesco

Dear Mr. Minkoff,

In my previous 3 emails I have already stated that I want to go to court. I do not want to go to arbitration. In your email on June 25th you established the employment documents were in fact created and altered after my termination. At that time, you were fully prepared to go to court with a jury.

I want a jury trail and I am willing to wait.

Thank you,

Christine DeFrancesco

Sent from my iPhone

On Sep 20, 2018, at 9:48 AM, Michael R. Minkoff <mrm@employmentlawyernewyork.com> wrote:

> Hi Christine:
>
> I'm following up again on the arbitration issue. I need a firm answer from you -- one way or another -- regarding whether I'm authorized to notify defendant's counsel that we will consent to proceed to arbitration. If indeed you do provide your consent, as I hope that you will, we can write up a stipulation
>
> Please confirm as soon as possible.
>
> Sincerely,
>
> Michael R. Minkoff, Esq.

12

Borrelli & Associates, P.L.L.C.

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

---------------------------------------

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Michael R. Minkoff
**Sent:** Tuesday, September 18, 2018 4:28 PM
**To:** 'Christine DeFrancesco Henriquez' <cdefrancesco@yahoo.com>
**Subject:** RE: Christine DeFrancesco

Christine:

████████████████████

I understand that it is your position that the documents were falsified -- we will have to have a trial to prove that if we are able to survive their motion to compel arbitration. If we are successful, that will have no bearing on the merits of your overtime and commissions and retaliation claims. Those matters will all be delayed until after the arbitration dispute is resolved. As I have said repeatedly now, if we lose the arbitration motio ███████████████████████████████████████████ -- defendants will seek to recover from you thousands and thousands of dollars of attorneys fees. I should also emphasize that in order to prove that the documents are indeed fraudulent, we will need to hire an expert witness, which can cost upwards of $15,000 or more. These are not expenses that we generally advance on behalf of a client, particularly not on a side issue that are advising against pursuing, meaning you will have to pay for these expenses out of pocket as they are incurred. Moreover, if at any point evidence comes to light that is contrary to your position (or, I should say, if we are unable to develop sufficient evidence in favor of your position), we are not ethically permitted to advance the argument, as the allegations are based on fraud, and arguing for (or against) them has deep implications on the case moving forward.

As I have also said repeatedly now, the quickest way to get to the merits of your claims is to consent to arbitration. ████████████████████

13



Again - - and I cannot emphasize this enough - - if you refuse to consent to proceed to arbitration, this case will be delayed for very likely over a year at the least, and ▮▮▮ and if we do not win, they will attempt to collect substantial money from you.

At bottom, as I have said, I truly believe that it is in your best interest to avoid an inordinate delay that would be caused by challenging their arbitration request. So I ask again - - please advise as soon as possible whether you will consent to proceed to arbitration. If not, please explain your rationale for refusing to consent and for going against our advice and counsel. Again, I think it would be best for us to discuss this by phone, as it seems our emails to one another are not helping us to understand one another.

Please note that I have a meeting at 5pm and have an out-of-office meeting begging at 7pm requiring me to leave at around 6pm. Thus, if you are unavailable to speak this evening, we should find time to discuss this further tomorrow.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

---------------------------------------

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are

intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

---

**From:** Christine DeFrancesco Henriquez <cdefrancesco@yahoo.com>
**Sent:** Tuesday, September 18, 2018 4:02 PM
**To:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** Re: Christine DeFrancesco

Mr. Minkoff,



Sincerely,

Christine DeFrancesco

Sent from my iPhone

On Sep 18, 2018, at 3:32 PM, Michael R. Minkoff <mrm@employmentlawyernewyork.com> wrote:

> Dear Christine:
>
> I am following up on this conversation - - we need an answer asap on whether or not you are prepared to consent to arbitration. Please advise.
>
> Again, I'm available to discuss further by phone, as I just left you a voicemail confirming the same.
>
> Sincerely,
>
> Michael R. Minkoff, Esq.
>
> Borrelli & Associates, P.L.L.C.

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

----------------------------------------

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Michael R. Minkoff
**Sent:** Monday, September 17, 2018 7:06 PM
**To:** Christine DeFrancesco <cdefrancesco@yahoo.com>
**Subject:** Re: Christine DeFrancesco

Christine:

As I explained to you on Friday, if we fight the arbitration there is virtually nothing to gain other than a best case scenario of a year-plus delay before even beginning to explore the merits. Moreover, if we lose the motion, defendants counsel has stated he will seek his fees and costs against you. I cannot sag whether or not he would prevail on that effort as I cannot say whether or not he will prevail on his motion.



In any event, the decision remains yours. And as I said on Friday, my view and the view of the partners here is that your best interest is to consent to the arbitration. You can choose to take our advice and counsel, or not.

If you're still undecided about arbitration let's discuss further tomorrow. But I need an answer within the next day or so.

Please advise.

Sincerely,

Michael R. Minkoff, Esq.

Borrelli & Associates, P.L.L.C.

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

-------------------------------------

Tel. No. (212) 679-5000

Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

> On Sep 17, 2018, at 6:55 PM, Christine DeFrancesco <cdefrancesco@yahoo.com> wrote:
>
>> Dear Mr. Minkoff,
>>
>> The paperwork you sent me back in June was very clear that the documents were forged ▓▓▓▓▓▓▓▓▓▓ They created the document after I was fired. We both know they could have put 100 pages in, before the signature page. I was

confused when you made me go to the office to look at them, after I told you I didn't sign it.



Based on these documents, I felt at the time you were wholeheartedly ready to go to the judge and present our case for wrongful termination.







Regards,

Christine DeFrancesco

