# Exhibit 27

| | |
|---|---|
| **From:** | Michael R. Minkoff |
| **To:** | cdefrancesco@yahoo.com |
| **Cc:** | Michael Borrelli; Alexander Coleman |
| **Subject:** | Motion Filed by Defendant |
| **Date:** | Wednesday, October 24, 2018 5:45:26 PM |
| **Attachments:** | image002.png |
| | 21 - Decl. in Support of MtD.pdf |
| | 18 - NoM to Dismiss.pdf |
| | 19 - MoL in Support of MtD.pdf |
| | 20 - Decl. in Support of MtD.pdf |

Dear Ms. DeFrancesco:

Please see the attached documents filed today by the Defendant. The exhibits attached to the declarations are too large to send via email, but you can download them by following this link:

https://employmentlawyernewyork-my.sharepoint.com/:b:/p/mrm/EpRIiyhI(TtVjkJEhuFn U8gBavVdosbzwU-LCzJuPNq3_Q?e=WNg0U4

Please be advised that given our pending motion to withdraw and the reasons behind our filing of the same, we will only be responding to the portions of Defendant's motion that pertain to our firm Please also note that your response is due by Wednesday, November 7, 2018. If you request us to do so, we will seek an extension on your behalf to respond until after our withdrawal motion is decided.


Sincerely,

Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. No. (516) 248-5550
Fax No. (516) 248-6027

(***Please note our new Long Island office address as of October 22, 2018 will be 910 Franklin Avenue, Ste. 200, Garden City, NY 11530***)

-------------------------------------
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. No. (212) 679-5000
Fax No. (212) 679-5005

www.employmentlawyernewyork.com
mrm@employmentlawyernewyork.com





Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

|  |  |  |
|---|---|---|
| CHRISTINE DEFRANCESCO, | : | Docket No. 18-CV-4032 (VSB) |
| | : | |
| Plaintiff, | : | **NOTICE OF MOTION FOR** |
| | : | **DEFENDANT'S MOTION TO DISMISS** |
| -against- | : | **THE COMPLAINT, COMPEL** |
| | : | **ARBITRATION AND FOR SANCTIONS** |
| MIRADOR REAL ESTATE, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-----------------------------------------------------------X

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, Compel Arbitration and for Sanctions, the Declaration of Leslie Zemnick dated October 23, 2018, with the exhibits thereto, and the Declaration of Mark J. Goldberg, Esq. dated October 24, 2018, with the exhibits thereto, Defendant Mirador Real Estate, LLC ("Mirador"), by its undersigned attorneys, will move this Court at the United States Courthouse located at 40 Foley Square, New York, New York 10007, before the Honorable Vernon S. Broderick, for an Order (1) dismissing the Complaint herein in its entirety, (2) compelling Plaintiff to arbitrate her claims against Defendant, and (3) requiring Plaintiff and her counsel of record, Borrelli & Associates, P.L.L.C. and Michael Minkoff, jointly and severally, to pay Defendant reasonable costs and attorneys' fees incurred as a result of preparing the instant motion, along with such other and further relief as the Court deems just and proper.

16977314.1
230751-10001

Dated: October 24, 2018
New York, New York

LOEB & LOEB LLP

By: ___/s/ Mark J. Goldberg_____
Mark J. Goldberg
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Attorneys for Defendant Mirador Real
Estate, LLC*

Mark J. Goldberg
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendant Mirador Real Estate, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

CHRISTINE DEFRANCESCO,

               Plaintiff,

        v.

MIRADOR REAL ESTATE , LLC,

               Defendant.

--------------------------------------------------------X

Docket No. 18-CV-4032 (VSB)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, COMPEL ARBITRATION AND FOR SANCTIONS

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 2

    A.    Ms. DeFrancesco Was Presented With And Signed The ADR Program ................ 2

    B.    The ADR Program Requires Arbitration Of Ms. DeFrancesco's Claims ................ 3

    C.    Without Legal Justification And In Bad Faith, Ms. DeFrancesco Has
        Refused Mirador's Demands To Arbitrate Her Claims .......................................... 4

ARGUMENT ................................................................................................................................. 6

I.    DISMISSAL IS WARRANTED BECAUSE ALL OF PLAINTIFF'S CLAIMS
    ARE ENCOMPASSED BY THE PARTIES' ARBITRATION AGREEMENT ................ 6

II.    MIRADOR IS ENTITLED TO AN AWARD OF ITS ATTORNEYS' FEES
    AND COSTS INCURRED AS A RESULT OF PLAINTIFF'S CONTINUED
    BAD FAITH REFUSAL TO ARBITRATE ...................................................................... 10

CONCLUSION ............................................................................................................................. 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AT&T Mobility, LLC v. Concepcion*,
563 U.S. 333 (2011)............................................................................................................6

*Bynum v. Maplebear Inc.*,
160 F. Supp. 3d 527 (E.D.N.Y. 2016) .................................................................................9

*Chen v. Kyoto Sushi, Inc.*,
No. 15-CV-7398 (DLI) (JO), 2017 WL 4236556 (E.D.N.Y. Sep. 22, 2017) ............................9

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
58 F.3d 16 (2d Cir. 1995)................................................................................................8-9

*Eisemann v. Greene, M.D.*,
204 F.3d 393 (2d Cir. 2000)..............................................................................................11

*Genesco, Inc. v. T. Kakiuchi & Co.*,
815 F.2d 840 (2d Cir. 1987)................................................................................................7

*Gonder v. Dollar Tree Stores, Inc.*,
144 F. Supp. 3d 522 (S.D.N.Y. 2015).............................................................................8, 10

*Jain v. Ford Motor Credit Co.*,
174 F.R.D. 259 (E.D.N.Y. 1997) ......................................................................................11

*Kutluca, v. PQ New York Inc.*,
266 F. Supp. 3d 691 (S.D.N.Y. 2017)................................................................................10

*Novik & Co. v. Jerry Mann, Inc.*,
497 F. Supp. 447 (S.D.N.Y. 1980) ....................................................................................11

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986)........................................................................................10, 11

*Patterson v. Raymours Furniture Co.*,
96 F. Supp. 3d 71 (S.D.N.Y. 2015), *aff'd*, 659 F. App'x 40 (2d Cir. 2016) *as
corrected* (Sept. 7, 2016), *as corrected* (Sept. 14, 2016) ............................................7, 9

*Qin Hui Li v. Wok 88, Inc.*,
No. 1:17-cv-8715-GHW, 2018 WL 3384441 (S.D.N.Y. July 11, 2018)............................7, 10

*Revson v. Cinque & Cinque, P.C.*,
221 F.3d 71 (2d Cir. 2000)................................................................................................11

*Roadway Express, Inc. v. Piper,*
    447 U.S. 752 (1980)..................................................................................................10

*Safadi v. Citibank, N.A.,*
    No. 12-1356 PSG, 2012 WL 4717875 (N.D. Cal. Oct. 2, 2012)...............................9

*Salzano v. Lace Entm't, Inc.,*
    No. 13-CV-5600 (LGS), 2014 WL 3583195 (S.D.N.Y. Jul. 18, 2014).............9-10

*Sands Bros. & Co., Ltd. v. Nasser,*
    No. 03-Civ.-8128 (BSJ), 2004 WL 26550 (S.D.N.Y. Dec. 31, 2003)...................11

*Savarese v. J.P. Morgan Chase,*
    No. 16-cv-321 (JFB) (SIL), 2016 WL 7167968 (S.D.N.Y. Nov. 16, 2016).............8

*Scherk v. Alberto-Culver Co.,*
    417 U.S. 506 (1974)...................................................................................................6

*Schlaifer Nance & Co. v. Estate of Warhol,*
    194 F.3d 323 (2d Cir. 1999).....................................................................................11

*Velazquez v. Corp. Transit of Am., Inc.,*
    No. 8:16-cv-00948-T-27-AEP, 2016 WL 10537597 (M.D. Fla. Dec. 19, 2016) .....9

*Vought v. Carlson Enters., Ltd. Liab. Co.,*
    No. 3:15-cv-1415-J-20PDB, 2016 WL 8943161 (M.D. Fla. Mar. 30, 2016)...........9

*Wolters Kluwer Fin. Servs., Inv. v. Scivantage,*
    564 F.3d 110 (2d Cir. 2009).....................................................................................11

*Zimmerman v. UBS AG,*
    No. 17-CV-4503 (JMF), 2018 WL 4054860 (S.D.N.Y. Aug. 24, 2018)...................7

**Statutes**

28 U.S.C. § 1927.................................................................................................2, 10, 11

Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ..............................................................6

9 U.S.C. § 2 ....................................................................................................................6

9 U.S.C. § 4 ....................................................................................................................6

iii

Defendant Mirador Real Estate. LLC ("Mirador") respectfully submits this memorandum of law in support of its motion (1) to dismiss the Complaint herein (the "Complaint")[1] of Plaintiff Christine DeFrancesco ("Plaintiff" or "Ms. DeFrancesco") and to compel arbitration of Plaintiff's claims and (2) for sanctions against Plaintiff and her counsel.

## PRELIMINARY STATEMENT

In this action, Ms. DeFrancesco, a former employee of Mirador, asserts against Mirador various wage and hour claims under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"), as well as a claim under the Internal Revenue Code for filing a fraudulent information return (collectively, "Plaintiff's Claims"). All of Plaintiff's Claims are covered by Mirador's Alternative Dispute Resolution Program signed by both Ms. DeFrancesco and Mirador on April 24, 2017 (the "ADR Program"). The ADR Program provides that the exclusive forum for resolution of Plaintiff's Claims is arbitration before JAMS.

Notwithstanding multiple demands that she arbitrate her claims and dismiss or stay this action pending arbitration. Ms. DeFrancesco has refused to do so without a legally recognized basis, stating only that she does not recall signing the ADR Program, despite acknowledging that the signature on the document looks like hers and multiple contemporaneous documents evidencing her execution of the ADR Program. Indeed, the frivolity of Ms. DeFrancesco's pursuit of her claims herein and refusal arbitrate is evidenced by her own attorneys' pending motion to withdraw as her counsel on the basis that Ms. DeFrancesco has directed them "to take a procedural strategy" that is "possibly against [their] ethical responsibilities."[2]

---

[1] A copy of the Complaint is annexed as Exhibit A to the accompanying Declaration of Mark J. Goldberg. dated October 24, 2018 (the "Goldberg Decl.").

[2] See Declaration of Michael R. Minkoff, Esq. in Support of Motion of Borrelli & Associates. P.L.L.C. to Withdraw as Counsel of Record for Plaintiff, filed herein and dated October 22, 2018 (the "Minkoff Dec.") at ¶ 16.

Given Ms. DeFrancesco's bad faith refusal to arbitrate her claims, Mirador now moves to dismiss the Complaint and to compel arbitration of Plaintiff's Claims in accordance with the ADR Program and well-settled law in the Second Circuit. Mirador also seeks an award of all of its attorneys' fees and costs incurred in the preparation and filing of the instant motion pursuant to 28 U.S.C. § 1927 ("Section 1927") and the Court's inherent power to award sanctions.[3] For all the reasons set forth below, the Court should grant Mirador's motion in its entirety.

## STATEMENT OF FACTS

**A.    Ms. DeFrancesco Was Presented With And Signed The ADR Program**

Mirador is a real estate brokerage firm, largely servicing buildings located in New York City. (Goldberg Decl. ¶ 2.) Ms. DeFrancesco was employed by Mirador from April 24, 2017 until November 22, 2017 (Zemnick Dec. ¶ 2),[4] when her employment was terminated based on a variety of legitimate business factors, including, without limitation, her team's failure to meet its performance targets and serious lapses in judgment (including the unauthorized disclosure of highly sensitive personal and financial information of certain prospective tenants).

Leslie Zemnick, Mirador's then Director of Operations, was involved in the process of hiring Ms. DeFrancesco. (*Id.* at ¶ 3.) Among other things, on April 20, 2017, Ms. Zemnick personally handed to Ms. DeFrancesco a complete copy of Mirador's new employee paperwork package (the "New Hire Package"). (*Id.*) Included in the New Hire Package was a copy of the ADR Program. (*Id.*) On April 24, 2017, at Ms. DeFrancesco's request, Ms. Zemnick emailed Ms. DeFrancesco a copy of the New Hire Package, including, without limitation, the ADR Program.

---

[3] Mirador will also seek sanctions under Fed. R. Civ. P. 11, as required thereby, in a separate motion following the expiration of the 21-day "safe harbor" period on October 29, 2018.

[4] "Zemnick Decl." refers to the accompanying Declaration of Leslie Zemnick dated October 23, 2018.

(*Id.* at ¶ 4.)  In her email, Ms. Zemnick instructed Ms. DeFrancesco to "[p]lease populate the attached documents."  (*Id.*)

Later on April 24, 2017, Ms. Zemnick met in person with Ms. DeFrancesco, at which meeting Ms. DeFrancesco personally handed to Ms. Zemnick documents from the New Hire Package that she had executed and/or completed.  Such documents included the ADR Program signed by Ms. DeFrancesco.  (*Id.* at ¶ 5.)

Ms. Zemnick created electronic copies of the documents from the New Hire Package that Ms. DeFrancesco had completed for the purposes of sending them to Jose Berrios, who handles human resources for Mirador.  (*Id.* at ¶ 6.)  By email dated April 24, 2017, Ms. Zemnick sent a copy of Ms. DeFrancesco's new hire paperwork, including the ADR Program signed by her, to Mr. Berrios.  (*Id.* at ¶ 7.)  Ms. Zemnick then countersigned the ADR Program signed by Ms. DeFrancesco and sent the original of such fully-executed ADR Program and the other original new hire documents for Ms. DeFrancesco to Mr. Berrios.  (*Id.* at ¶ 8.)

**B.    The ADR Program Requires Arbitration Of Ms. DeFrancesco's Claims**

On May 4, 2018, Ms. DeFrancesco commenced this action.  Herein, she alleges that (1) she is owed overtime pay under the FLSA and the NYLL; (2) she either did not receive or received improper statements and notices required by the NYLL; (3) she was not paid certain commissions in violation of the NYLL; (4) she was retaliated against for complaining about non-payment of her alleged commissions in violation of the NYLL; and (5) Mirador issued a fraudulent information tax return to her in violation 26 U.S.C. § 7434(a).  (Complaint ¶¶ 42-82.)

Ms. DeFrancesco's claims are covered by the ADR Program.  Specifically, the ADR program covers "any claim, cause of action or dispute (collectively, a 'claim') involving you and one or more of the Company Entities (defined below [to include Mirador]) that otherwise could be asserted in court or before an administrative agency, including without limitation arising out of or

3

related to your employment by the Company, or the termination of that employment, such as the following claims: claims for breach of any contract or covenant (express or implied); wage and hour claims; . . . claims for unlawful . . . retaliation . . .; claims for wages and other compensation or benefits; claims for attorneys' fees; claims for violation of any Company policy or practice; and/or claims for violation of any federal, state, local, or other governmental law, statute, rule, regulation, or ordinance." (Zemnick Decl. Ex. D at p.2.)

The ADR Program has two steps. Under "Step One," an employee is required to address with his or her supervisor any covered claims. (*Id.* at p.3.) "Step Two" of the ADR Program provides that a claim covered by the program may be resolved by arbitration before JAMS, and the following language from page 8 of the ADR Program clearly and unambiguously provides that covered claims may not be brought in a court: "This Program precludes litigation and re-litigation in any federal, state, or local court by either the Company or its employees of any claim that has been, is being, will be, or could or should have been arbitrated under this Program." (*Id.* at pp.4, 8.) Thus, under the ADR Program, the exclusive forum for resolution of Plaintiff's Claims is arbitration under the terms of the ADR Program.

**C.   Without Legal Justification And In Bad Faith, Ms. DeFrancesco Has Refused Mirador's Demands To Arbitrate Her Claims**

Shortly after Mirador was served with Ms. DeFrancesco's Complaint, on June 13, 2018, Mirador's counsel (Mark Goldberg, Esq.) contacted Ms. DeFrancesco's counsel (Michael Minkoff, Esq.) and advised him of the ADR Program and demanded that Ms. DeFrancesco arbitrate her claims and dismiss or stay this action. (Goldberg Decl. ¶ 5.) On June 28, 2018, Mr. Goldberg sent a copy of the fully-executed ADR Program to Mr. Minkoff. (*Id.* at ¶ 6, Ex. B.) After further discussions, on August 13, 2018, Mr. Goldberg made available for inspection at his

4

office the original fully-executed ADR Program, at which time both Ms. DeFrancesco and Mr. Minkoff inspected the document. (*Id.* at ¶ 7.)

From June 13, 2018 until shortly after August 13, 2018, Mr. Goldberg and Mr. Minkoff had a number communications about Mirador's demand that Ms. DeFrancesco arbitrate her claims and dismiss or stay this action. In such communications, Mr. Minkoff repeatedly advised that Ms. DeFrancesco would not agree to arbitrate her claims. The only reason given by Mr. Minkoff for Ms. DeFrancesco's refusal to arbitrate was that she does not recall signing the ADR Program, despite advising that Ms. DeFrancesco admits that "the signature on the last page does indeed appear to be hers." (*Id.* at ¶ 8.)

Because Ms. DeFrancesco's allegation that she does not recall signing the ADR Program does not, as a matter of law, excuse her obligation to arbitrate her claims, on October 8, 2018, Mr. Goldberg sent Mr. Minkoff a letter pursuant to Fed. R. Civ. P. 11, advising that Mirador would seek sanctions thereunder against Ms. DeFrancesco and her attorneys if she did not arbitrate her claims and agree to dismiss or stay this action. (*Id.* at ¶ 9.) After not receiving any response to his October 8, 2018 letter, on October 17, 2018, Mr. Goldberg called and spoke to Mr. Minkoff for the purpose of giving Ms. DeFrancesco an opportunity to change her mind about arbitration before Mr. Goldberg began drafting the instant motion, for which Mirador would seek attorneys' fees from Ms. DeFrancesco and her attorneys. Mr. Minkoff advised, without giving a reason, that Ms. DeFrancesco still refused to arbitrate her claims. (*Id.* at ¶ 10.)

Given Ms. DeFrancesco's frivolous and bad faith insistence to maintain this action and refusal to arbitrate her claims, on October 22, 2018, her counsel petitioned this Court for permission to withdraw as her counsel. Incredibly, Ms. DeFrancesco's own counsel acknowledged such frivolous and bad faith by Ms. DeFrancesco, stating in his supporting declaration that Ms.

DeFrancesco has directed his firm "to take a procedural strategy" that is "possibly against its ethical responsibilities," despite counseling her otherwise. (Minkoff Decl. ¶ 16.)

## ARGUMENT

### I.

### DISMISSAL IS WARRANTED BECAUSE ALL OF PLAINTIFF'S CLAIMS ARE ENCOMPASSED BY THE PARTIES' ARBITRATION AGREEMENT

The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 et seq., provides that agreements to arbitrate claims are enforceable and mandates that courts compel arbitration of claims subject to such agreements. *See AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 338-39 (2011) (explaining that the FAA declares a liberal policy favoring the enforcement of arbitration agreements). Specifically, Section 2 of the FAA provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Section 4 of the FAA "directs a federal court to order parties to proceed to arbitration if there has been a failure, neglect, or refusal of any party to honor an agreement to arbitrate." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974) (internal citations omitted). In relevant part, Section 4 provides:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

If the Court determines "that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 75 (S.D.N.Y. 2015), *aff'd*, 659 F. App'x 40 (2d Cir. 2016), as corrected (Sept. 7, 2016), as corrected (Sept. 14, 2016) (quoting *Nunez v. Citibank, N.A.*, No. 08-cv-5398 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009)); *see also Zimmerman v. UBS AG*, No. 17-cv-4503 (JMF), 2018 WL 4054860, at *2 (S.D.N.Y. Aug. 24, 2018); *Qin Hui Li v. Wok 88, Inc.*, No. 1:17-cv-8715-GHW, 2018 WL 3384441, at *3 (S.D.N.Y. July 11, 2018).

To decide a motion to compel arbitration, the Court must: (1) determine whether the parties agreed to arbitrate; (2) determine the scope of the parties' agreement; (3) if federal statutory claims are asserted, consider whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims in the case are arbitrable, determine whether to stay the balance of the proceedings pending arbitration. *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir. 1987); *see also Patterson*, 96 F. Supp. 3d at 75.

Mirador easily satisfies each of these four factors (collectively, the "*Genesco* Factors"). First, the parties agreed to arbitrate all of Plaintiff's Claims pursuant to the terms of the ADR Program. There is no question that the Parties signed the ADR Program at the commencement of Ms. DeFrancesco's employment with Mirador on April 24, 2017. Through her counsel, Ms. DeFrancesco acknowledged that "the signature on the last page does indeed appear to be hers," and Mirador's former Director of Operations, Ms. Zemnick, has provided sworn testimony, supported by numerous contemporaneous emails and other documents, that, at the time Ms. DeFrancesco was hired, she was given, executed and delivered to Mirador the ADR Program, which Ms. Zemnick then countersigned. Additionally, the terms of the ADR Program expressly

and unambiguously provide that the exclusive forum for resolution of Plaintiff's Claims is arbitration before JAMS.

While DeFrancesco refuses to acknowledge the parties' agreement to arbitration under the ADR Program, her only basis for doing so is her allegation that she does not recall signing the agreement, despite acknowledging that "the signature on the last page [of the ADR Program] does indeed appear to be hers." However, such lack of recollection fails, as a matter of law, to raise any question as to the validity and enforceability of the ADR Program. The existence of arbitration agreements, such as the ADR Program, are evaluated under "the contract law of the state in which [the court addressing the issue] sits." *Savarese v. J.P. Morgan Chase*, No. 16-cv-321 (JFB) (SIL), 2016 WL 7167968, at *4 (S.D.N.Y. Nov. 16, 2016). Under New York law, "[a] mere lack of recollection of signing an agreement however, is insufficient on its own to defeat a finding that the contract existed." *Id.* at *5 (citing *Vardanyan v. Close-Up Int'l, Inc.*, 315 F. App'x 315, 318 (2d Cir. 2009) (finding an agreement valid even where a signatory claimed he did not recall signing it, but provided no evidence that it was fabricated) and *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 528 (S.D.N.Y. 2015) ("A mere assertion that one does not recall signing a document does not, by itself, create an issue of fact as to whether a signature on a document is valid – especially in the absence of any evidence the document was fabricated.")). Thus, Ms. DeFrancesco fails to raise any question that the ADR Program is authentic or enforceable.

The remaining three *Genesco* Factors further weigh in favor of arbitration. Second, as shown above, the description of the covered claims contained in the ADR Program both broadly and specifically covers all of Plaintiff's Claims. Such language brings with it a heightened presumption of arbitrability. *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 19 (2d Cir. 1995) ("We will compel arbitration unless it may be said with positive assurance that the

arbitration clause is not susceptible of an interpretation that covers the asserted dispute.") (internal quotation marks and citations omitted).

Third, Congress did not intend to make the federal statutory claims herein to be nonarbitrable. Specifically, "there is no indication that Congress intended Plaintiff's FLSA claims to be nonarbitrable." *Patterson*, 96 F. Supp. 3d at 78 (citing *Martin v. SCI Mgmt. L.P.*, 296 F. Supp. 2d 462, 467 (S.D.N.Y. 2003)); *see also Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527, 539-40 (E.D.N.Y. 2016) ("Repeatedly it has been found that individual agreements to arbitrate FLSA claims are enforceable.") (citing, among others, *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013); *Patterson*, 96 F. Supp. 3d 71; *LaVoice v. UBS Fin. Servs., Inc.*, No. 11-cv-2308, 2012 WL 124590, at *9 (S.D.N.Y. Jan. 13, 2012); *Ciago v. Ameriquest Mortg. Co.*, 295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003); *Steele v. L.F. Rothschild & Co.*, 701 F. Supp. 407, 408 (S.D.N.Y. 1988)).

Similarly, plaintiffs have been routinely required to arbitration claims for filing fraudulent information returns under 26 U.S.C. § 7434. *See, e.g., Velazquez v. Corp. Transit of Am., Inc.*, No. 8:16-cv-00948-T-27-AEP, 2016 WL 10537597 (M.D. Fla. Dec. 19, 2016) (compelling arbitration of claims under 26 U.S.C. § 7434); *Vought v. Carlson Enters., Ltd. Liab. Co.*, No. 3:15-cv-1415-J-20PDB, 2016 WL 8943161 (M.D. Fla. Mar. 30, 2016) (same); *Safadi v. Citibank, N.A.*, No. 12-1356 PSG, 2012 WL 4717875 (N.D. Cal. Oct. 2, 2012) (same).

NYLL claims are also subject to arbitration. See *Chen v. Kyoto Sushi, Inc.*, No. 15-CV-7398 (DLI) (JO), 2017 WL 4236556, at *3 (E.D.N.Y. Sep. 22, 2017) ("'in light of [the] conclusion that [Plaintiffs'] FLSA claim[s] must proceed in arbitration pursuant to the Federal Arbitration Act, so too must [their] NYLL claim[s].'") (alterations in original) (quoting *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 292 n.1 (2d Cir. 2013)); *Salzano v. Lace Entm't, Inc.*, No. 13-CV-

5600 (LGS), 2014 WL 3583195, at *2 (S.D.N.Y. Jul. 18, 2014) ("FLSA and NYLL claims were not intended by the respective legislatures to be nonarbitrable.") (internal citations omitted).

As for the fourth *Genesco* Factor, since all of plaintiff's claims are arbitrable, the Court should compel arbitration of Plaintiff's Claims and dismiss this action rather than staying it. *See Qin Hui Li*, 2018 WL 3384441, at *7 (granting motion to compel arbitration and dismissing the case where "Defendants have not requested that the Court stay these proceedings"); *Kutluca. v. PQ New York Inc.*, 266 F. Supp. 3d 691, 705 (S.D.N.Y. 2017) (granting motion to compel arbitration and dismissing the case where all claims were subject to the arbitration agreement); *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 530 (S.D.N.Y. 2015) (same).

## II.

### MIRADOR IS ENTITLED TO AN AWARD OF ITS ATTORNEYS' FEES AND COSTS INCURRED AS A RESULT OF PLAINTIFF'S CONTINUED BAD FAITH REFUSAL TO ARBITRATE

Pursuant to both Section 1927 and the Court's inherent power to sanction parties for acting in bad faith, Mirador is entitled to an award of its attorneys' fees and costs incurred as a result of Plaintiff's bad faith refusal to arbitrate her claims.

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 is "indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with the limiting the abuse of court processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980).

"Imposition of a sanction under § 1927 requires a clear showing of bad faith." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986), and is appropriate if a court finds that the conduct

at issue is (i) entirely without color, and (ii) motivated by improper purposes, *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Wolters Kluwer Fin. Servs., Inv. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (citation omitted).

"[A]n award under § 1927 is proper when the attorney's actions are *so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose such as delay," *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (quoting *Oliveri*, 803 F.2d at 1273) (emphasis in Revson); *see also Novik & Co. v. Jerry Mann, Inc.*, 497 F. Supp. 447, 450 (S.D.N.Y. 1980) (awarding attorneys' fees in part based on "unnecessary and unjustifiable persistence with which respondents have . . . opposed arbitration").

The standard for the Court's inherent power to award sanctions against parties is similar to that under Section 1927 for attorneys. "Under the inherent power of the court to supervise and control its own proceedings, [a] . . . [r]ule has evolved which permits the court to award a reasonable attorneys' fee to the prevailing party when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Oliveri*, 803 F.2d at 1272 (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)); *see also Eisemann v. Greene, M.D.*, 204 F.3d 393, 395 (2d Cir. 2000); *Jain v. Ford Motor Credit Co.*, 174 F.R.D. 259, 263 (E.D.N.Y. 1997).

Such a standard is met when a party's "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri*, 803 F.2d at 1273; *see Sands Bros. & Co. v. Nasser*, No. 03-cv-8128 (BSJ), 2004 WL 26550, at *3 (S.D.N.Y. Dec. 31, 2003) (awarding attorneys' fees where "the party refusing

11

arbitration acted without justification or did not have a reasonable chance to prevail") (internal quotation marks and citation omitted).

Here, as shown above, the refusal of Plaintiff and her counsel to arbitrate Plaintiff's Claims and to dismiss or stay this action is so completely without merit to the point that Plaintiff's own counsel has stated, implicitly with regard to such refusal, that it may violate his firm's ethical responsibilities. Such statement by Plaintiff's counsel and the blatant frivolity of Plaintiff's refusal to arbitrate clearly require the conclusion that such refusal is being taken for some improper purpose. Accordingly, Mirador is entitled to an award of its attorneys' fees and costs against Plaintiff and her counsel under both Section 1927 and the Court's inherent power to sanction parties.[5]

---

[5] While Plaintiff's counsel is apparently seeking to avoid sanctions by filing a motion to withdraw as Plaintiff's attorneys of record, sanctions against them are still warranted given that, for the last five months while the parties' counsel were discussing Mirador's demand that Plaintiff arbitrate her claims, Plaintiff's counsel continued to refuse such demand and has only sought to withdraw two days before the deadline for this motion, *after* Mirador has incurred the vast majority of the attorneys' fees and costs necessitated by this motion and Plaintiff's and her counsel's frivolous position. Indeed, before beginning to draft this motion, in an effort to give Plaintiff and her counsel an opportunity to avoid being sanctioned for requiring Mirador to make the motion, Mirador's counsel called Plaintiff's counsel to give them the opportunity to change their frivolous position. Plaintiff's counsel refused to do so, necessitating Mirador to incur the expense of this motion.

## CONCLUSION

For the reasons set forth above, Mirador respectfully requests that the Court dismiss the

Complaint, order Plaintiff to submit this dispute to arbitration, and award to Mirador costs and

attorneys' fees due to Plaintiff's and her counsel's bad faith refusal to arbitrate Plaintiff's Claims,

along with such other and further relief as this court deems just and proper.

Dated: New York, New York
       October 24, 2018

<div style="margin-left:40%">

LOEB & LOEB LLP

By: ___/s/ *Mark J. Goldberg*___
    Mark J. Goldberg (MG-2398)
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Attorneys for Defendant Mirador Real
Estate, LLC*

</div>

16972285.3
230751-10001

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHRISTINE DEFRANCESCO,                        :     Docket No. 18-CV-4032 (VSB)
                                              :
                          Plaintiff,          :     DECLARATION OF MARK J.
                                              :     GOLDBERG IN SUPPORT OF
          -against-                           :     DEFENDANT'S MOTION TO DISMISS
                                              :     THE COMPLAINT, COMPEL
MIRADOR REAL ESTATE, LLC,                     :     ARBITRATION AND FOR SANCTIONS
                                              :
                          Defendant.          :
                                              :
-------------------------------------------------------------X

I, MARK J. GOLDBERG, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury, as follows:

1.       I am a Partner of Loeb & Loeb LLP, attorneys for Defendant Mirador Real Estate,

LLC ("Mirador"). I respectfully submit this declaration in support of Mirador's motion (1) to

dismiss the Complaint herein (the "Complaint") of Plaintiff Christine DeFrancesco ("Plaintiff" or

"Ms. DeFrancesco") and to compel arbitration of Plaintiff's claims and (2) for sanctions against

Plaintiff and her counsel for frivolously and in bad faith maintaining this action and refusing to

arbitrate Plaintiff's claims. Annexed hereto as Exhibit A is a copy of the Complaint.

2.       Mirador is a real estate brokerage firm, largely servicing buildings located in New

York City.

3.       Ms. DeFrancesco, a former employee of Mirador, brings this action largely for

alleged wage and hour violations of the Fair Labor Standards Act and the New York Labor Law.

4.       As set forth in the accompanying Declaration of Leslie Zemnick (the "Zemnick

Decl."), when Ms. DeFrancesco commenced her employment with Mirador, she and Mirador

executed Mirador's Alternative Dispute Resolution Program (the "ADR Program"), a copy of

which is annexed as Exhibit D to the Zemnick Decl. The terms of the ADR Program provide that the exclusive forum for resolution of Plaintiff's claims herein is arbitration before JAMS. *See* Zemnick Decl. Ex. D.

5.       Shortly after Mirador was served with Ms. DeFrancesco's Complaint, on June 13, 2018, I contacted Ms. DeFrancesco's counsel, Michael Minkoff, Esq., and advised him of the ADR Program and demanded that Ms. DeFrancesco arbitrate her claims and dismiss or stay this action.

6.       On June 28, 2018, I emailed a copy of the fully-executed ADR Program to Mr. Minkoff. A copy of such email, together with the ADR Program attached thereto, are collectively annexed to this declaration as Exhibit B.

7.       After further discussions with Mr. Minkoff, on August 13, 2018, I made available for inspection at my firm's offices the original fully-executed ADR Program, at which time both Ms. DeFrancesco and Mr. Minkoff inspected the document.

8.       From June 13, 2018 until shortly after August 13, 2018, Mr. Minkoff and I had a number communications about Mirador's demand that Ms. DeFrancesco arbitrate her claims and dismiss or stay this action. In such communications, Mr. Minkoff repeatedly advised me that Ms. DeFrancesco would not agree to arbitrate her claims. The only reason given by Mr. Minkoff for Ms. DeFrancesco's refusal to arbitrate was that she does not recall signing the ADR Program, despite advising in an email to me that Ms. DeFrancesco admits that "the signature on the last page does indeed appear to be hers."

9.       Because Ms. DeFrancesco's allegation that she does not recall signing the ADR Program does not, as a matter of law, excuse her obligation to arbitrate her claims (*see* Mirador's accompanying memorandum of law), on October 8, 2018, I emailed Mr. Minkoff a letter pursuant to Fed. R. Civ. P. 11 (the "Rule 11 Letter"), advising that Mirador would seek sanctions thereunder

against Ms. DeFrancesco, Mr. Minkoff and his firm if Ms. DeFrancesco did not arbitrate her claims and agree to dismiss or stay this action. A copy of my Rule 11 Letter to Mr. Minkoff is annexed hereto as <u>Exhibit C</u>. Based on the grounds set forth in the Rule 11 Letter and in this declaration, Mirador intends to seek sanctions under Fed. R. Civ. P. 11 in a separate motion after the "safe harbor" provided by such rule expires on October 29, 2018.

10.     After not receiving any response to the Rule 11 Letter, on October 17, 2018, I called and spoke to Mr. Minkoff for the purpose of giving Ms. DeFrancesco an opportunity to change her mind about arbitration before I began drafting the instant motion, for which Mirador would seek attorneys' fees from Ms. DeFrancesco and her attorneys. Mr. Minkoff advised, without giving a reason, that Ms. DeFrancesco still refused to arbitrate her claims.

11.     In the afternoon on October 22, 2018, Mr. Minkoff called me and advised that his firm was going to petition this Court to permit it to withdraw as Ms. DeFrancesco's counsel of record herein. Incredibly, in his supporting Declaration, Mr. Minkoff acknowledged that Ms. DeFrancesco's maintenance of this action and refusal to arbitrate her claims is essentially frivolous and in bad faith, stating that Ms. DeFrancesco has directed his firm "to take a procedural strategy" that is "possibly against its ethical responsibilities," despite counseling her otherwise. (*See* Declaration of Michael R. Minkoff, Esq. in Support of Motion of Borrelli & Associates, P.L.L.C. to Withdraw as Counsel of Record for Plaintiff, filed herein and dated October 22, 2018 at ¶ 16.)

12.     While Plaintiff's counsel now seeks to withdraw as Plaintiff's attorneys, such does not change the fact that, for the last five months while Mr. Minkoff and I were discussing Mirador's demand that Plaintiff arbitrate her claims, Plaintiff's counsel continued to refuse such demand and has only sought to withdraw two days before the deadline for this motion, *after* Mirador has incurred the vast majority of the attorneys' fees and costs necessitated by this motion and

Plaintiff's and her counsel's frivolous position. Indeed, when I called Mr. Minkoff on October 17, 2018 to give Plaintiff and her counsel an opportunity to change her mind about arbitrating her claims before I began drafting the instant motion, as stated in paragraph 10 above, Mr. Minkoff reiterated Ms. DeFrancesco's refusal to arbitrate, necessitating Mirador to incur the expense of making this motion.

13.    Based on the above and the reasons set forth in Mirador's accompanying memorandum of law and other supporting papers, the Court should dismiss the Complaint, order Plaintiff to submit this dispute to arbitration, and award to Mirador costs and attorneys' fees due to Plaintiff's and her counsel's bad faith refusal to arbitrate Plaintiff's Claims, along with such other and further relief as this court deems just and proper.

Dated: New York, New York
      October 24, 2018

                              /s/ *Mark J. Goldberg*
                              MARK J. GOLDBERG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                :
CHRISTINE DEFRANCESCO,                          :   Docket No. 18-CV-4032 (VSB)
                                                :
                        Plaintiff,              :   DECLARATION OF LESLIE ZEMNICK
                                                :
        -against-                               :
                                                :
MIRADOR REAL ESTATE, LLC,                       :
                                                :
                        Defendant.              :
                                                :
-----------------------------------------------------------X

     I, LESLIE ZEMNICK, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury, as follows:

     1.     During the period July 18, 2016 to February 23, 2018, I was employed by defendant Mirador Real Estate, LLC ("Mirador") in the position of Director of Operations.

     2.     Plaintiff Christine DeFrancesco ("DeFrancesco") was employed by Mirador from April 24, 2017 until November 22, 2017 in the position of Leasing Manager for Mirador's Midtown East territory.

     3.     I was involved in Mirador's hiring of DeFrancesco. Among other things, on April 20, 2017, I personally handed to DeFrancesco a complete copy of Mirador's new employee paperwork package (the "New Hire Package"). Included in the New Hire Package was a copy of Mirador's Alternative Dispute Resolution Program (the "ADR Program").

     4.     At DeFrancesco's request, I emailed her a copy of the New Hire Package, including, without limitation, the ADR Program, on April 24, 2017. Annexed hereto as Exhibit A is a copy of such April 24, 2017 email, including the New Hire Package attached thereto. In my April 24 email, I instructed DeFrancesco to "[p]lease populate the attached documents."

5.  Later on April 24, 2017, I met in person with DeFrancesco, at which meeting she personally handed to me documents from the New Hire Package that she had executed and/or completed. Such documents included the ADR Program signed by her.

6.  Using a scanner in Mirador's office, I scanned and emailed to myself (in multiple emails) copies of the documents from the New Hire Package that DeFrancesco had completed. A copy of such email containing the ADR Program signed by DeFrancesco, dated April 24, 2017, is annexed hereto as Exhibit B.

7.  By email dated April 24, 2017, I sent DeFrancesco's new hire paperwork, including the ADR Program signed by her, to Jose Berrios, who handles human resources for Mirador. A copy of such email and its attachments are collectively annexed hereto as Exhibit C.

8.  Also on April 24, 2017, I countersigned the ADR Program signed by DeFrancesco. A copy of such fully-executed ADR Program is annexed hereto as Exhibit D. I sent such fully-executed ADR Program and the other original new hire documents for DeFrancesco to Mr. Berrios.

Dated: New York, New York
     October 23, 2018

                                LESLIE ZEMNICK

| | |
|---|---|
| **From:** | Luiggi Tapia |
| **To:** | "cdefrancesco@yahoo.co" |
| **Cc:** | Michael R. Minkoff |
| **Subject:** | URGENT - Defrancesco v. Mirador Real Estate, LLC |
| **Date:** | Friday, October 26, 2018 7:46:08 PM |
| **Attachments:** | image001.png |
| | 10.26.18 Order.pdf |
| **Importance:** | High |

Dear Ms. Defrancesco:

Pursuant to the Court's October 26, 2018 Order and on behalf of Michael R. Minkoff. Esq.,
please see the attached.

Please carefully review the attached and be guided accordingly.

Lastly, a copy of the attached is also being delivered via first-class mail. Thank you.

Best Regards,

Luiggi F. Tapia, Paralegal

Borrelli & Associates, P.L.L.C.

910 Franklin Avenue. Suite 200

Garden City, New York 11530

Tel. No. (516) 248-5550

Fax No. (516) 248-6027

www.employmentlawyernewyork.com

lt@employmentlawyernewyork.com

655 Third Avenue, Suite 1821

New York, New York 10017

Tel. No. (212)679-5000

Fax No. (212)679-5005

www.employmentlawyernewyork.com

lt@employmentlawyernewyork.com

Borrelli    Associates   PLLI DK :00



Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 10/26/2018 at 12:58 PM EDT and filed on 10/26/2018

**Case Name:** Defrancesco v. Mirador Real Estate, LLC
**Case Number:** 1:18-cv-04032-VSB
**Filer:**
**Document Number:** 22

**Docket Text:**
MEMO ENDORSEMENT with respect to [16] Motion to Withdraw as Attorney. ENDORSEMENT: By Friday, November 2, 2018, Plaintiff's counsel Borrelli & Associates, P.L.L.C. is directed to submit ex parte a letter detailing counsel's dispute with Plaintiff. That letter shall further address whether Plaintiff objects to counsel's withdrawal and whether Plaintiff has plans to retain new counsel. Counsel shall submit that letter via email to BroderickNYSDChambers@nysd.uscourts.gov. Defendant shall submit its opposition, if any, to Plaintiff's counsel's motion to withdraw on or before Monday, November 5, 2018. All parties are directed to appear for a telephone conference at 11:30 AM on Friday, November 9, 2018, to address Plaintiff's counsel's motion to withdraw. A briefing schedule for Defendant's motion to dismiss, (Doc. 18), will also be discussed at that time. Plaintiff's counsel shall provide a dial-in phone number for all parties and the Court to use for the conference; that phone number should be sent to the Chambers email address referenced above. Plaintiff's counsel shall further provide Plaintiff with a copy of this Order and shall inform Plaintiff that she is required to participate in the November 9, 2018 telephone conference. (Signed by Judge Vernon S. Broderick on 10/26/2018) (rro)

**1:18-cv-04032-VSB Notice has been electronically mailed to:**

Mark J Goldberg    mgoldberg@loeb.com, lmehringer@loeb.com, nydocket@loeb.com

Michael John Borrelli    mjb@employmentlawyernewyork.com, asg@employmentlawyernewyork.com

Alexander Todd Coleman    atc@employmentlawyernewyork.com, WRD@employmentlawyernewyork.com, pem@employmentlawyernewyork.com

Michael R. Minkoff    mrm@employmentlawyernewyork.com, lt@employmentlawyernewyork.com

**1:18-cv-04032-VSB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/26/2018] [FileNumber=21057850
-0] [02c41aa31fb680f77b512c24a488ffda99703216581f05f9e24fa83b4391769a2
ba4f1294c7e7894f7af08048867e36580471a4180964a2104cff8f2a51516e4]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE DEFRANCESCO,

               Plaintiff,

    -against-

MIRADOR REAL ESTATE, LLC,

             Defendant.

**Docket No.:**
**1:18-cv-4032 (VSB)**

## NOTICE OF MOTION OF BORRELLI & ASSOCIATES, P.L.L.C. TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

PLEASE TAKE NOTICE that, upon the Declaration of Michael R. Minkoff, Esq., in Support of the Motion of Borrelli & Associates, P.L.L.C., to Withdraw as Counsel of Record for Plaintiff dated October 22, 2018, and all the pleadings and proceedings heretofore had herein, Borrelli & Associates, P.L.L.C., currently counsel of record for Plaintiff Christine DeFrancesco in the above-referenced matter, will move this Court, at the United States Courthouse located at 40 Foley Square, New York, New York 10007, on a date and time to be designated by the Court, for an Order Pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule (hereinafter "Local Rule") 1.4 granting Borrelli & Associates, P.L.L.C.'s Motion to Withdraw as Counsel of Record for Plaintiff.

Please take further notice that, pursuant to Local Rule 6.1(b), opposition papers, if any,

from either Plaintiff or Defendant, are due by November 5, 2018, and reply papers, if any, are due

by November 12, 2018.

Dated: New York, New York
October 22, 2018

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. No. (516) 248-5550
Fax: (516) 248-6027

By: _____

MICHAEL R. MINKOFF (MM 4787)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)

By Friday, November 2, 2018, Plaintiff's counsel Borrelli & Associates, P.L.L.C. is directed to submit ex parte a letter detailing counsel's dispute with Plaintiff. That letter shall further address whether Plaintiff objects to counsel's withdrawal and whether Plaintiff has plans to retain new counsel. Counsel shall submit that letter via email to BroderickNYSDChambers@nysd.uscourts.gov. Defendant shall submit its opposition, if any, to Plaintiff's counsel's motion to withdraw on or before Monday, November 5, 2018. All parties are directed to appear for a telephone conference at 11:30 AM on Friday, November 9, 2018, to address Plaintiff's counsel's motion to withdraw. A briefing schedule for Defendant's motion to dismiss, (Doc. 18), will also be discussed at that time.

Plaintiff's counsel shall provide a dial-in phone number for all parties and the Court to use for the conference; that phone number should be sent to the Chambers email address referenced above. Plaintiff's counsel shall further provide Plaintiff with a copy of this Order and shall inform Plaintiff that she is required to participate in the November 9, 2018 telephone conference.

**SO ORDERED:**

_____

**HON. VERNON S. BRODERICK** 10/26/2018
**UNITED STATES DISTRICT JUDGE**

2

## CERTIFICATE OF SERVICE

I, Michael R. Minkoff, Esq., hereby certify that on this date October 22, 2018, I caused a true and correct copy of the foregoing Notice of Motion of Borrelli & Associates, P.L.L.C. to Withdraw as Counsel of Record for Plaintiff, and the Declaration of Michael R. Minkoff, Esq., in Support of the Motion of Borrelli & Associates, P.L.L.C. to Withdraw as Counsel of Record for Plaintiff, both dated October 22, 2018, to be served via electronic mail and first-class mail on the following:

Mark J. Goldberg, Esq.
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
mgoldberg@loeb.com
*Attorneys for Defendant*

Christine DeFrancesco, Plaintiff
899 Boulevard East, Apartment 8D
Weehawken, New Jersey 07086
cdefrancesco@yahoo.com

MICHAEL R. MINKOFF ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE DEFRANCESCO,

                Plaintiff,

    -against-

MIRADOR REAL ESTATE, LLC,

                Defendant.

**Docket No.:**
**1:18-cv-4032 (VSB)**

## DECLARATION OF MICHAEL R. MINKOFF, ESQ. IN SUPPORT OF MOTION OF BORRELLI & ASSOCIATES, P.L.L.C. TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

I, Michael R. Minkoff, Esq., an attorney duly admitted to practice in this Court, pursuant to 28 U.S.C. 1746, declare under the penalty of perjury the following:

1.    I am an associate with Borrelli & Associates, P.L.L.C. ("Firm"), and am an attorney admitted to the Bar of this Court. In this wage and hour matter, the Firm currently represents Plaintiff Christine DeFrancesco. As Plaintiff's counsel, I am familiar with the facts and circumstances discussed herein based upon personal knowledge and the files maintained by this office.

2.    I submit this affirmation in support of the Firm's motion, pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule 1.4 (hereinafter, "Local Rules"), for leave to withdraw as Plaintiff's attorney of record.

1

## Procedural History

3.      On May 4, 2018, the Firm, on Plaintiff's behalf, filed an action in this Court alleging violations of the Fair Labor Standards Act and the New York Labor Law against Defendant. ECF # 1.

4.      On June 13, 2018, the Court so-ordered a stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including July 13, 2018. ECF # 8.

5.      On July 9, 2018, the Court so-ordered a second stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including August 8, 2018. ECF # 9.

6.      On August 14, 2018, the Court so-ordered a third stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including September 7, 2018. ECF # 10.

7.      On September 6, 2018, the Court so-ordered a fourth stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including September 28, 2018. ECF # 13.

8.      On October 1, 2018, the Court so-ordered a fifth stipulation between counsel for all parties to extend Defendant's deadline to answer, move, or otherwise respond to Plaintiff's Complaint through and including August 24, 2018. ECF # 15.

9.      Throughout the period of time detailed above, undersigned counsel and Defendant's counsel engaged in substantive discussions, including the exchange of letters. documents, and other evidence, regarding both the merits of Plaintiff's claims and procedural

2

matters that are to be addressed prior to resolving the merits of the claims and defenses, including by conducting an in-person meeting at which Plaintiff herself attended.

10.    Also throughout this time period, the Firm remained in regular communication with Plaintiff, providing advice that the Firm believed to be in Plaintiff's best interest and in the best interest of prosecuting Plaintiff's claims.

11.    Notwithstanding the same, over the course of the last several weeks, a rift began developing between Plaintiff and our Firm, specifically with respect to procedural matters relating to how best to advance Plaintiff's interest before this Court. More recently, over the last two weeks and continuing through to Sunday, October 21, 2018, that rift grew to an unbridgeable gap with respect to Plaintiff's and our Firm's views of what should and should not be done regarding the strategy to be employed in prosecuting this matter.[1]

12.    As a result, the attorney-client relationship between the Firm and Plaintiff has broken down to a level that is beyond repair, requiring our Firm to request leave to withdraw as counsel.

## Withdrawal of Representation

13.    Local Rule 1.4 provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

---

[1] To the extent that this Court requires a more detailed explanation of the fundamental disagreement between Plaintiff and the Firm that has led to the current irreparable breakdown of the attorney-client relationship, we respectfully request permission to provide further details via a confidential submission to be reviewed *ex parte* by the Court.

14.     The New York Rules of Professional Conduct ("RPC") allow a lawyer to "withdraw from representing a client when . . . the client insists upon taking action with which the lawyer has a fundamental disagreement." NY ST RPC Rule 1.16(c)(4); *see Figueroa v. City of New York*, 2010 WL 4236944, at *1 (S.D.N.Y. Oct. 22, 2010) (citing *id.*) (granting withdrawal based on lawyer and client's fundamental disagreement over whether client authorized certain action in settlement discussions).

15.     It is well settled that the failure of a client to cooperate with counsel in the prosecution or defense of an action and the existence of an irreconcilable conflict between attorney and client are satisfactory reasons permitting an attorney to be released from the obligation of continuing to represent the attorney's client. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445-46 (S.D.N.Y. 2014) (citing *Benvenisti v. City of New York*, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006)) (describing as valid cause for granting withdrawal breakdown in attorney-client relationship where attorney and client "agreed on virtually nothing with respect to the past, present, and future course of the litigation"); *Naguib v. Pub. Health Solutions*, 2014 WL 2002824, at *1-2 (E.D.N.Y. May 15, 2014) (finding acting against counsel's advice as grounds to grant withdrawal); *Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *3 (S.D.N.Y. Jan. 29, 2013) (ruling "irreconcilable difference" constitutes satisfactory reason for withdrawal of counsel).

16.     Here, after months of meetings, phone calls, emails, and letters between the Firm and Plaintiff regarding what the Firm deems to be the best course of action for litigation strategy, including over threshold procedural matters that need to be resolved before this case reaches a merits stage, Plaintiff has refused to accept the Firm's advice and is instead directing the Firm to take a procedural strategy that the Firm views to be against Plaintiff's best interests and possibly

4

against its ethical responsibilities. Clearly, with the Firm and Plaintiff unable to agree on neither the overall strategy nor the specific means to prosecute this action even before Defendant has filed an answer or otherwise responded to Plaintiff's Complaint, this Firm has satisfactory grounds to withdraw as her attorney.

17.   Presently, Defendant's answer or other response to Plaintiff's complaint is due by October 24, 2018. There is no discovery order in place to date, and the parties are not yet scheduled to appear before the Court for an initial pretrial conference. The Court has not set any other dates or deadlines, meaning that the "prosecution of the suit is [not likely to be] disrupted by the withdrawal of counsel." *See Farmer*, 60 F. Supp. 3d at 446.

18.   The Firm is not asserting a charging or retaining lien against DeFrancesco.

19.   For the foregoing reasons, the Firm respectfully requests that the Court grant its Motion to Withdraw as Counsel of Record for Plaintiff in this matter and/or requests leave to submit additional information to the Court on an *ex parte* basis should the Court deem that to be necessary, as any such submission will contain privileged and/or Plaintiff's confidential information.

Dated: New York, New York
     October 22, 2018

By: _____

     MICHAEL R. MINKOFF (MM 4787)

5

| | |
|---|---|
| **From:** | Michael R. Minkoff |
| **To:** | Luiggi Tapia; 'cdefrancesco@yahoo.com' |
| **Subject:** | RE: URGENT - Defrancesco v. Mirador Real Estate, LLC |
| **Date:** | Monday, October 29, 2018 4:26:40 PM |
| **Attachments:** | image001.png |

Dear Ms. DeFrancesco:

Following up on Luiggi's message, and pursuant to the Court's order, we are instructed to inquire with you regarding whether you (a) oppose our motion to withdraw, and (b) intend to find substitute counsel. Please let us know as soon as possible, as we are required to notify the Judge before the end of the week.

Thank you.

Sincerely,

Michael R. Minkoff, Esq.
Borrelli & Associates, P.L.L.C.
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
-------------------------------------
Tel. No. (212) 679-5000
Fax No. (212) 679-5005

www.employmentlawyernewyork.com

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550 and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Luiggi Tapia
**Sent:** Friday, October 26, 2018 7:46 PM
**To:** 'cdefrancesco@yahoo.com' <cdefrancesco@yahoo.com>
**Cc:** Michael R. Minkoff <mrm@employmentlawyernewyork.com>
**Subject:** URGENT - Defrancesco v. Mirador Real Estate, LLC
**Importance:** High

Dear Ms. Defrancesco:

Pursuant to the Court's October 26, 2018 Order and on behalf of Michael R. Minkoff, Esq., please see the attached.

Please carefully review the attached and be guided accordingly.

Lastly, a copy of the attached is also being delivered via first-class mail.  Thank you.

Best Regards.

Luiggi F. Tapia, Paralegal
Borrelli & Associates, P.L.L.C.
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
www.employmentlawyernewyork.com
lt@employmentlawyernewyork.com

655 Third Avenue, Suite 1821
New York, New York 10017
Tel. No. (212)679-5000
Fax No. (212)679-5005
www.employmentlawyernewyork.com
lt@employmentlawyernewyork.com



Note:  The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege.  This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C.  If the reader of this message is not the intended recipient, you are hereby notified  that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited.  If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer disk drive, diskette, or other storage device or media.  Thank you.