UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                             :
CHRISTINE DEFRANCESCO,                :
                                                             :
                              Plaintiff,     :
                                                             :                            18-CV-4032 (VSB)
                  - against -                          :
                                                            :                   **OPINION & ORDER**
                                                            :
MIRADOR REAL ESTATE,                   :
                                                             :
                               Defendant.  :
------------------------------------------------------------X

Appearances:

Thomas Anthony Ricotta
White, Ricotta & Marks, P.C.
Jackson Heights, NY
*Counsel for Plaintiff*

Alexander Todd Coleman
Michael John Borrelli
Michael R. Minkoff
Borrelli & Associates, P.L.L.C.
Garden City, NY
*Former Counsel for Plaintiff*

Mark J Goldberg
Loeb & Loeb LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Defendant Mirador Real Estate, LLC ("Mirador") moved for sanctions against Plaintiff Christine DeFrancesco and her former counsel, Michael Minkoff and the law firm Borrelli & Associates, P.L.L.C. ("B&A"), pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11(b)(1) and (b)(2), and the Court's inherent power to award sanctions. (Docs. 18 and 23.) I

then referred the motions to Magistrate Judge Katharine H. Parker. (Doc. 45.) Now before me are the Report and Recommendation on Motions for Sanctions ("Report and Recommendation," "Report," or "R&R") from Judge Parker, (Doc. 46), Mirador's objections to the Report and Recommendation, (Doc. 47), and the reply to Mirador's objections from B&A and Minkoff, (Doc. 48).[1] Because I agree with Judge Parker's Report and Recommendation, I overrule Mirador's objections and ADOPT the Report and Recommendation in its entirety. Accordingly, Mirador's motions for sanctions are DENIED.

## I.      Legal Standard and Applicable Law[2]

### A.      *Review Under Rule 72(a)*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under Rule 72(a), a district judge may reverse a magistrate judge's decision on a non-dispositive matter if it is "clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a). "A matter is nondispositive if it 'does not dispose of the litigation.'" *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (citing *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988)). On the other hand, dispositive rulings, if properly objected to, are reviewed de novo. *See* Fed. R. Civ. P. 72(b)(3). The standard of review under Federal Rule of Civil Procedure 72(a) is "highly deferential" and magistrate judges "are afforded broad discretion in resolving nondispositive disputes." *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic*

---

[1] Plaintiff DeFrancesco did not file a reply to Mirador's objections to the Report and Recommendation within the fourteen-day period for doing so, *see* Fed. R. Civ. P. 72(b)(2), or at any point thereafter. Although the docket erroneously reflects that B&A and Minkoff's reply to Mirador's objections were filed on behalf of Plaintiff, the reply itself makes clear that it was not filed on behalf of Plaintiff since it states, among other things, that B&A and Minkoff "take[] no position with respect to the portions of Defendant's Objections that relate to Plaintiff, individually." (Doc. 48 ("Reply") at 1 n.1.)

[2] For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Judge Parker's Report and Recommendation. (*See generally*, R&R, Doc. 46.)

2

*Republic*, 924 F. Supp. 2d 508, 511–12 (S.D.N.Y. 2013) (internal quotation marks omitted).

Imposition of sanctions are generally considered non-dispositive, therefore subject to the "clearly erroneous or contrary to law" standard. *See McAllan*, 517 F. Supp. 2d at 678. "An order is 'clearly erroneous' when the entire evidence leaves the district court 'with the definite and firm conviction that a mistake has been committed.'" *Nike, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (quoting *FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997)). "An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id*. (citation omitted.)

### B. *Sanctions Under the Court's Inherent Power and Under § 1927*

A court has the inherent power to sanction a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ransmeier v. Mariani,* 718 F.3d 64, 68 (2d Cir. 2013) (internal quotation marks omitted). In addition to this inherent power, 28 U.S.C. § 1927 authorizes a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id*. (quoting 28 U.S.C. § 1927).

To impose sanctions under either authority, the trial court must find "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). Regarding the first prong, "[c]onduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Id*. The second prong requires the district court to make a "clear showing of bad faith" with a high degree of factual specificity in most cases. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (citations omitted). Under this

3

requirement, sanctions are appropriate only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.*

### C. *Sanctions Under Rule 11*

Federal Rule of Civil Procedure 11(b)(1) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." A pleading or motion violates Rule 11 if it is "frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002). Courts have wide discretion in deciding when sanctions are appropriate. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11 are discretionary, not mandatory"). Rule 11 sanctions should be granted with caution and applied only when "a particular allegation is utterly lacking in support." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (internal quotation marks omitted).

## II. Discussion

All of Mirador's objections to the Report and Recommendation are based on the proposition that Plaintiff had no legal basis to pursue her claim when she and her counsel requested Mirador to respond to her complaint. (Obj. 3.)[3] Therefore, according to Mirador,

---

[3] "Obj." refers to Mirador's objections to the Report and Recommendation. (Doc. 47.)

4

Plaintiff and her counsel took a frivolous position that warrants sanction under Rule 11(b)(2), (*id*. 6), which demonstrates bad faith that further warrants sanctions under Rule 11(b)(1), under the Court's inherent power, and under § 1927, (*id*. 3–5).[4]  Thus, according to Mirador, Judge Parker erred when she considered other factors but ignored the "undisputed" fact that Plaintiff had no colorable legal basis at the time.  (*Id*. 6–8.)

Mirador's arguments are overstated and ignore the well-reasoned analysis by Judge Parker in the Report.  It is far from "undisputed" that Plaintiff and her counsel had no legal basis to file a complaint or challenge the validity of the arbitration agreement.  To support its argument, Mirador cites cases where courts ruled that mere lack of recollection of signing an arbitration agreement is insufficient to show that the agreement is nonexistent or forged.  (*Id*. at 3–4 (citing *Savarese v. J.P. Morgan Chase*, No. 16CV321JFBSIL, 2016 WL 7167968 (E.D.N.Y. Nov. 16, 2016), report and recommendation adopted, No. 16CV321JFBSIL, 2016 WL 7176601 (E.D.N.Y. Dec. 7, 2016); *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522 (S.D.N.Y. 2015); *Lucina v. Carnival*, PLC, No. 17CV6849CBALB, 2019 WL 1317471 (E.D.N.Y. Mar. 22, 2019); *Vardanyan v. Close-Up Int'l, Inc.*, 315 F. App'x 315 (2d Cir. 2009); *Banco Popular N. Am. v. Victory Taxi Mgmt.*, 1 N.Y.3d 381 (2004)).  Because all Plaintiff had was her own assertion and belief that she had never signed the arbitration agreement, Mirador argues, there was no legal basis for her claim that the agreement was forged or otherwise invalid.  However, all the cases cited by Mirador involve courts deciding at the stage of either summary judgment motions or motions to compel arbitration, where courts look for factual disputes based on the record already developed in the case.  *See Vardanyan,* 315 F. App'x 315 (summary judgment);

---

[4] Because § 1927 only imposes liability on the "attorney or other person admitted to conduct cases in any court," 28 U.S.C. § 1927, Mirador cannot seek to sanction Plaintiff under this provision.

5

*Banco Popular*, 1 N.Y.3d 381 (summary judgment in lieu of complaint under New York law); *Gonder*, 144 F. Supp. 3d 522 (motion to compel arbitration); *Savarese,* 2016 WL 7167968 (motion to compel arbitration); *Lucina*, 2019 WL 1317471 (motion to compel arbitration); *see also Bensadoun v. Jobe-Riat,* 316 F.3d 171, 175 (2d Cir. 2003) (ruling that in deciding a motion to compel arbitration, "the court applies a standard similar to that applicable for a motion for summary judgment.") (cited in *Lucina*, 2019 WL 1317471 at *3). In contrast, here Mirador asks me to find that Plaintiff had no legal basis for her claim at the time when she requested that Mirador respond to her complaint. Mirador does not point to any case law where courts find that at this stage of the case, even before an answer is filed, mere allegations that a contract is forged warrants immediate sanctions. Indeed, at such an early stage, there was no need for Plaintiff to develop any factual record, because upon challenge, a court will "accept as true all facts alleged in the complaint" and draw all reasonable inferences in her favor. *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Although a claim that Mirador forged or fraudulently obtained Plaintiff's signature on the arbitration agreement might be subject to the heightened pleading standard under Rule 9(b), *see JPMorgan Chase Bank, N.A. v. Maurer*, No. 13 CIV. 3302 NRB, 2015 WL 4566686, at *10 (S.D.N.Y. July 27, 2015) (applying Rule 9(b) standard to the specific allegations that the signature on a contract was forged), it was not impossible for Plaintiff to present sufficient factual matter and state a claim that is plausible on its face, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Moreover, Mirador is incorrect that all Plaintiff had was her own assertion and belief that she had never signed the arbitration agreement. As Judge Parker correctly noted, "not only did Plaintiff not remember ever signing a 10-page arbitration agreement, she could not say definitively that her signature was not forged or that the document was not a forgery, noting that

6

she maintained careful records and would remember having signed such a document." (R&R 13.) Plaintiff could have presented allegations regarding those "records" she "careful[ly] maintained," which could have supported the inference that the signature on the agreement was not authentic. She also could have presented reports from "a handwriting expert and forensic computer expert [sic];" the possibility of retaining such experts was already under discussion between Plaintiff and her counsel. (*Id*. 3, 13.) Plaintiff's assertions in her affidavit were also consistent with the emails at the time, the intake form from B&A, and the engagement letter between Plaintiff and B&A. (*Id*. 12–13.) In addition, the initial metadata review conducted by Minkoff suggested that the arbitration agreement provided by Mirador might not be authentic. (*Id*. 5.)

Although the allegations in Plaintiff's complaint at the time of filing may have been insufficient for her to survive a motion to compel arbitration, she could have filed amended complaints later, as of right or with leave of court, *see* Fed. R. Civ. P. Rule 15(a), adding allegations regarding the invalidity of the arbitration agreement, or simply presented the relevant evidence when responding to Mirador's motion to compel arbitration. Because the parties stipulated to dismissal before Plaintiff ever responded to Mirador's motion to compel arbitration, (*see* Docs. 18–39), many of the steps she could have taken did not occur. However, that does not mean that Plaintiff did not have any legal basis whatsoever when she and her counsel filed the complaint and refused to withdraw it after Mirador presented the arbitration agreement. At the very least, I do not find Judge Parker's finding—that it was not objectively unreasonable for Plaintiff or her counsel to request Mirador's response to the complaint—was in clear error.

Moreover, even if the evidence Plaintiff possessed at that point was not legally sufficient to support her claim that she never signed the arbitration agreement, that does not automatically

7

lead to the conclusion that she and her counsel acted in bad faith. As mentioned, B&A had begun to take certain preliminary steps towards collecting evidence, including (1) obtaining cost estimates for a handwriting expert and (2) engaging in discussions with Plaintiff about signing a new retainer arrangement that would cover the cost of an expert in order to challenge the authenticity of the arbitration agreement. (*See* R&R 6.) After reviewing the emails between Plaintiff and her counsel, Judge Parker found that Plaintiff's counsel chose to advise against litigating the validity of the agreement because they did not believe it would make economic or strategic sense, not because they believed they would not be able to obtain sufficient evidence to demonstrate that the arbitration agreement was not valid. (*Id*. at 13.) Similarly, Judge Parker noted that Plaintiff attested that "although she still ha[d] questions as to the authenticity of the arbitration agreement, she [] elected to proceed in arbitration to expedite resolution of her claim and avoid the additional costs of retaining a handwriting expert and forensic computer expert needed to mount a challenge to the validity of the arbitration agreement." (*Id*. at 3.) In addition, the fact that Plaintiff and her counsel were considering and preparing for discovery indicates that they believed they could obtain favorable evidence. Therefore, I find no clear error in Judge Parker's finding that Plaintiff and her counsel did not act in bad faith.[5] Consequently, Mirador's argument that Judge Parker erroneously ignored the lack of colorable legal basis for Plaintiff's claim lacks merit.

  Moreover, Judge Parker did not err by examining the basis for Plaintiff's belief that the

---

[5] Mirador claims that Plaintiff's bad faith could be further exemplified by the fact that she lied when she stated that her counsel encouraged her to keep litigating the case in court. (Obj. 5.) Although Judge Parker found that statement to be contradicted by the emails submitted by B&A, which clearly shows that Plaintiff's counsel recommended she consent to arbitration, (R&R 12), Judge Parker did not find that to be specifically relevant to the determination of the instant motions for sanction. (*See id*.) Upon review, I do not find that to be in clear error, because there is sufficient evidence to show that Plaintiff had a legal basis for her claim at the time and believed she could obtain favorable evidence upon discovery.

arbitration agreement was fraudulent, as it certainly relates to whether Plaintiff was acting in good faith. (R&R 12–13.) Nor did she err when she considered whether B&A and Minkoff had dragged the litigation into discovery, as that can shed light on whether they started the lawsuit in good faith or merely intended to incur delay or unnecessary expenses. (*Id*. 13–14.) Besides, as explained above, that the case was terminated before discovery is also material to my determination that Plaintiff did have a colorable legal basis for her claim at the pleading stage.

### III.  Conclusion

For the reasons above, the Report and Recommendation is hereby ADOPTED in its entirety and Mirador's motions for sanctions are hereby DENIED.

SO ORDERED.

Dated: January 24, 2022
  New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge